FREDERICK FOERSTER ET AL. Plaintiffs in Error, *vs.* KIRKPAT-
RICK & REX, Defendants in Error.

Upon complaint for goods sold and delivered, there must be either an allegation that the goods sold &c. were of the value of the indebtedness claimed, or that the defendants promised to pay the amount claimed. Without one or the other of these averments, the allegation of indebtedness is a mere conclusion of law. The defendant's liability, in such cases, arises from the fact either that the goods were worth the amount claimed or that he promised to pay that amount.

In an action by certain parties as copartners, against defendants as copartners, with no allegation in the complaint that either were ever partners: *Held*, That such a complaint was defective.

In an action for goods sold and delivered, the time when &c. is a material fact which should be alleged.

This was a writ of Error to the District Court of Ramsey County.

The issues in this Court are presented in the Opinion.

[The points and authorities of the Plaintiffs in Error are not on file.]

The following are the points and authorities relied on by the Defendants in Error.

The Court below erred in overruling the Defendants' demurrer to the Plaintiffs' complaint and in entering judgment therein in that,

*First.* The said complaint did not and does not state facts sufficient to constitute a cause of action :

1. Because there is no averment in said Complaint that the Plaintiffs below were partners at the date of the making of the account or at any other time.

2. Because there is no averment in the complaint that the Defendants below were partners, or that they contracted the alleged indebtedness in the firm name of Foerster and Co., or that such was their firm name, nor is there any averment that they were two or more persons doing business under the common name of Foerster & Co.

3. Because it does not appear from said complaint when, if ever, any goods, wares and merchandize were sold and delivered to the Defendants below. 1 *Chitty's. Pl.* 257 ; 4 *Denio*, 80 ; 5 *Barb. S. C.* 375 ; 1 *Blackf. Ind.* 58 ; 6 *Blackf. Ind*;

184; *Mon. Pr.* (2d *Ed.*) *Vol.* 1 471; *Van Sant Pl.* (2d *Ed.*) 266 *and* 687, 689; *C. R.* (*N. S.*) 346.

4. Because the averment that the Defendants are indebted to the plaintiffs in the sum of Seven hundred and Sixty-three Dollars and Twelve Cents together with interest is a mere conclusion of law and insufficient to sustain the judgment. 2 *C. R.* 76; 15 *Barb. S. C.* 33 *and cases cited.* 5 *How. Pr.* 14; 2 *Duer.* 670 *and* 349 *and* 673; 1 *Selden,* 476; 2 *E. D. Smith,* 134.

5. Because no substantial facts are averred in said complaint susceptible of a denial. 4 *Scarf,* 667; 5 *Sanf.* 558; *Vansante, Pl.* 215; *citing cases.*

*Second.* Because the errors are patent upon the judgment roll. 3 *Selden, Allen vs. Patterson,* 479; *Van Sanvoort,* (*Index.* 844.)

BROWNSON, DILLY & BROWNSON, Counsel for Plaintiffs in Error.

COOPER & JENNISON, Counsel for Defendants in Error.

*By the Court.*—I. ATWATER, J. This Case comes before the Court on Writ of Error issued to the District Court of Ramsey County upon a judgment rendered in that Court upon Demurrer to the Complaint. The complaint is as follows: "The complaint of the above named Plaintiffs respectfully shows to this Court, that the above named Defendants are indebted to them in the sum of seven hundred and sixty-three dollars and twelve cents ($763 12-100) together with interest thereon from the sixteenth day of July, A. D. 1857, on account for goods, wares and merchandize sold and delivered by the Plaintiffs to the Defendants at the special instance of and request of the Defendants. Wherefore the Defendants' demand judgment, &c."

The Defendants demurred to the complaint and the demurrer was overruled, and judgment entered on demurrer. The Plaintiff in Error assigns several causes or grounds of error, but one of which it is necessary particularly to notice. The complaint is defective in several important particulars. In the title of the cause the plaintiffs appear to have brought their action as partners, and to have sued the Defendants as such.

Yet there is no allegation in the complaint that either Plaintiffs or Defendants were ever partners. No time is alleged when the goods were sold. But especially there is no allegation that the goods were of the value of the amount of indebtedness claimed in the complaint, or of any value whatever, nor any allegations that the Defendants ever promised to pay that or any amount whatever. In an action for goods sold and delivered, it is absolutely essential in order to sustain the action, that one or the other at least, of the allegations should be made. Without it the allegation of indebtedness is a mere conclusion of law, entirely unsupported by any fact. For the Defendants' liability grows out of the facts that the goods were either worth the amount of the claim, or else that they promised to pay the amount. If they were worth that amount and the fact be proved, the law *implies* a promise to pay that amount, even though there be no express promise. If on the other hand, the goods should not be worth the amount claimed,—yet if the Defendants have *expressly* promised to pay the amount, and there be any consideration, the promissors will be held liable. Without one or the other of these allegations, there appears no consideration to support the pretended indebtedness. The allegation is also important to give the Defendant notice of the ground upon which Plaintiff claims, that he may frame his answer and prepare his evidence accordingly. There can be no question but that such was the rule under the system of pleading before the adoption of the Code; and the authorities are equally full and clear, that under the Code, the form only, and not the substance of pleading, as it formerly existed, has been changed. In actions of *indebitatus assumpsit,* it was indeed formerly necessary to allege the promise, whether express or implied, but in the latter case, it is not now necessary to allege the promise, but the consideration on which the implied promise is based. *Gould's Pleadings, p.* 57; *Sec.* 19. *Steph. Nisi Prius, Vol.* 1. *p.* 286; 1 *Chit.* 341; *Van Sant, Pl.* 263, & 5; 4 *Sand.* 667.

Judgment below must be reversed.