[No. 257. Decided November 25, 1891.]

RUDOLPH DISTLER, *Respondent,* v. JOSEPH B. DABNEY, *Appellant.*

PLEADING—MONEY HAD AND RECEIVED.

Under the provisions of the code abolishing all forms of pleading inconsistent therewith and requiring the complaint to contain a plain and concise statement of facts constituting the cause of action, an action for money had and received is not supported by proof that plaintiff had paid defendant certain sums of money upon a written contract for the conveyance of land, which had be n rescinded by the plaintiff on the ground that defendant had failed to deliver a deed to said land within the time prescribed by the contract.

*Appeal from Superior Court Chehalis County.*

The facts in this case are stated in the opinion.

*Scofield & Scofield,* for appellant:

Every complaint under our code must contain, among other things, a plain and concise statement of facts which constitute plaintiff's cause of action, and the plaintiff cannot declare on one theory and recover on another. Code 1881, § 76, subd. 2; *Hays v. Carr,* 83 Ind. 275; *Neidefer v. Chastain,* 71 Ind. 363, 36 Am. Rep. 198; *Western U. Tel. Co. v.Reed,* 96 Ind. 195; *Stout v. Coffin,* 28 Cal. 65; *Tomlinson v. Monroe,* 41 Cal. 94; *Rowan v. Bowles,* 21 Ill. 17; *Tucker v. Parks,* 7 Col. 62; *Weidner v. Rankin,* 26 Ohio St. 522; *Warner v. Capps,* 37 Ark. 32; *Zimmerman v. Morrow,* 28 Minn. 367; *Clay Co. v. Simonsen,* 1 Dak. 403; *O'Donohue v. Hendrix,* 13 Neb. 255; *People v. Ryder,* 12 N. Y. 433; *Gray v. Osborne,* 24 Tex. 157; 76 Am. Dec. 99; *Biddle v. Boyce,* 13 Mo. 532; *McNabb v. Lockhart,* 18 Ga. 495. The omission of necessary averments in the complaint cannot be cured by the reply. *Webb v. Bidwell,* 15 Minn. 479; *Hatch v. Coddington,* 32 Minn. 92.

The evidence adduced at the trial must correspond with the allegations in the complaint. In the case at bar all the allegations in the complaint were for money had and received, and the receipts put in evidence by the plaintiff show upon their face that all the money received by the defendant was paid by plaintiff on a written contract for the sale of land. *Stout v. Coffin,* 28 Cal. 65; *Tomlinson v. Monroe,* 41 Cal. 94; *Tucker v. Parks,* 7 Cal. 62, 68; *Rowan v. Bowles,* 21 Ill. 17; *Cotes v. Campbell,* 3 Cal. 191; *Vattier v. Hinde,* 7 Pet. 252; *Harding v. Handy,* 11 Wheat. 103; *Boone v. Chiles,* 10 Pet. 177.

*M. J. Cochran,* for respondent:

When a vendor refuses to comply with a contract the vendee has two remedies—to sue upon the contract, or disregard it entirely and bring an action for money had and received. *Nothe v. Nomer,* 54 Conn. 326. When the appellant refused to convey the property under the agreement, whether he had title or not, the right of the purchaser to ignore the contract, to treat it as never having been made, and to treat the appellant as merely a bailee of the money paid him on that contract, was complete. *Smith v. Lamb,* 26 Ill. 396; 79 Am. Dec. 381, and cases cited.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by plaintiff against defendant on common counts for money received. The plaintiff alleges in his complaint that defendant became indebted to him between the 21st day of October, 1889, and the 12th day of June, 1890, in the sum of $767.65, had and received from said plaintiff by the said defendant for the use of said plaintiff. The first allegation is as follows: "(1) That on the 21st day of October, 1889, said defendant became indebted to the said plaintiff in the sum of $250, as for money had and received from

said plaintiff by the said defendant for the use of said plaintiff," with a demand of payment and refusal to pay. The other allegations are the same, with exception of amount and time. The answer of defendant denies the debt in a general way, and sets up as a further defense that the money payments mentioned in the complaint were paid by plaintiff to defendant as part payment on certain lots of land which defendant had contracted in writing to sell and deed to plaintiff on certain conditions, and sets out the written contract; that afterwards, at the request of plaintiff, the time of payment and the execution and delivery of the deed specified in the contract was extended; and that in compliance with said contract, and said agreed extension of time, defendant executed and tendered to plaintiff a deed to said land, which plaintiff refused to accept. The reply admits the contract pleaded by defendant, and admits that the payments set forth in the complaint were paid under said contract, and alleges that the plaintiff complied with the conditions of said contract; that the defendant failed to comply therewith, and failed to deliver to plaintiff a deed to said land within the time prescribed by the contract. Defendant moved the court for a judgment on the pleadings, objected to the testimony offered by plaintiff, and at the close of plaintiff's testimony moved for a nonsuit. Said motion was overruled.

It is contended by the appellant that there was a fatal variance between the allegations in plaintiff's complaint and the proof offered upon the trial, and that the complaint and reply are inconsistent with each other. It appears from the reply, and is conceded by the respondent, that the action was based upon the alleged breach of contract. Under the fictions of the common law, and the license given to plead presumptions, and what the pleader conceived to be the legal effect, and operation of the facts, instead of the facts themselves, this form of contract might

has been sustained in this kind of an action; but under the code system of pleadings another rule is laid down. Fictions are abolished, and presumptions are not to be pleaded as facts, but the facts themselves must be stated. Section 73 of the code provides as follows:

"SEC. 73. All the forms of pleadings heretofore existing in civil actions, inconsistent with the provisions of this code, are abolished, and hereafter the forms of pleading, and the rule by which the sufficiency of the pleadings is to be determined, shall be as herein prescribed."

Let us now see what form of pleading is prescribed. Section 76 prescribes that the complaint shall contain a plain and concise statement of facts constituting the cause of action. It is a "plain and concise statement of facts" which the law requires, and not their legal effect, or the legal conclusions inferred from them, with the commendable object in view, no doubt, of informing the defendant of the exact nature of the claim against him, and of the facts relied upon to establish it, so that he can answer intelligently and directly, without leaving him mystified and uncertain as to whether he has drawn the right deduction from legal presumptions, and so that the true matters in issue can be brought directly to the attention of the court and of the jury. Mr. Pomeroy, in his masterly work on Remedies and Remedial Rights, § 519, in analyzing the phrase "cause of action," as used by the codes, describes it as consisting of two distinct elements: (1) The plaintiff's primary right and defendant's corresponding primary duty; (2) the delict or wrongful act or omission of defendant. These two separate and distinct elements, in combination, constitute the cause of action. The primary right and duty by themselves are not the cause of action, because when existing by themselves, unbroken by the defendant's wrongs, they do not give rise to any action. For this reason that definition is clearly erroneous which pronounced the "debt" in an ac-

tion on contract, or the "trust" in a suit to enforce a trust, to be the "cause of action." The two elements consist "entirely of affirmative acts wrongfully done, or of negative omissions wrongfully suffered, by the defendant, and its statement in a pleading can be nothing more than a narrative of such acts or omissions."

While it is true that courts have been slow, and justly so, to change established rules of pleading which have received the sanction of ages, and under which rights have been adjudicated from time immemorial, it is equally true that courts are as much bound to observe and enforce the plain mandatory provisions of the statute in regard to pleadings as they are its mandatory provisions on any other subject; and, while the courts in many of the states still adhere to and sustain the old practice, it seems to us, as expressed by Mr. Pomeroy, that this is substantially the repealing of an express statutory provision by judicial construction, and we cannot refrain from quoting the following apt language of this eminent writer in his review of the opinion in *Booth v. Bank*, 1 N. Y. Sup. Ct. 45:

"To sum up the foregoing criticism, the whole course of reasoning pursued by the learned judge assumes that the most technical, arbitrary and fictitious distinctions between the ancient forms of action are still subsisting. It does not merely ignore the legislation which has abrogated those distinctions, but it expressly denies the ability of the legislature to accomplish such a result. This is not interpreting, it is repealing a statute."

Some of the states, however, notably Minnesota and Oregon, have sustained the code system of pleading, both in letter and spirit. See *Foerster v. Kirkpatrick*, 2 Minn. 210; *Bowen v. Emmerson*, 3 Or. 452. In this case it was held that, in an action for money due on a contract, facts should be stated showing that the contract existed between the parties, and that it had been broken. Following, then, the rule prescribed by the code, we find that § 86 provides

that "when the answer contains new matter, constituting a defense or counter claim, the plaintiff may reply to such new matter, denying generally or specifically each allegation controverted by him; . . . and he may allege, in ordinary and concise language without repetition, any new matter not inconsistent with the complaint constituting a defense to such new matter in the answer." But in this instance the matters and things set up in the reply are inconsistent with the statement made in the complaint; for the cause of action stated in the complaint is money had and received by defendant for the use of plaintiff, while the cause of action stated in the reply is the breach of a specific contract. To allow the plaintiff to prove his case on the averments of either the complaint or reply, as it happened to suit him; to obtain a judgment for money had and received, or upon a rescision of the contract for the purchase of land, as the testimony happens to serve, would be to allow him to go fishing for a judgment; while the defendant would be uncertain what he was called upon to defend until the testimony of plaintiff had been submitted. In *Garvey v. Fowler*, 4 Sandf. 665, the court said:

"It is one of the merits of the code that general averments and general issues, which convey no information to the opposite party, and were frequently construed in a sense not only different from, but distinctly opposite to, that which their terms impute, are now abolished. The plaintiff must now state in his complaint all the facts which constitute the cause of action, and we are clearly of the opinion that every fact is to be deemed constitutive, in the sense of the code, upon which the right of action depends; every fact which the plaintiff must prove to enable him to maintain his suit, and which the defendant has a right to controvert in his answer, must be distinctly averred; and every averment must be understood as meaning what it says; consequently is only to be sustained upon evidence which corresponds with its meaning."

This we believe fairly states the law and proper practice

under the code procedure.    In the case at bar there was no evidence offered corresponding with the meaning of any of the averments in the complaint, or which could sustain the complaint, and the nonsuit should have been allowed.

The judgment is reversed, and the cause remanded with instructions to proceed in accordance with this opinion.

ANDERS, C. J., and STILES, SCOTT and HOYT, JJ., concur.