[No. 668.   Decided February 6, 1893.]

CHARLOTTE M. CLARK, *Respondent*, v. A. H. SHERMAN, *Appellant*.

ACTION FOR MONEY HAD AND RECEIVED — WHEN MAINTAINABLE — PLEADING — VARIANCE IN REPLY.

An action for money had and received cannot be maintained upon a contract for the payment of money in consideration of the surrender of an interest in real estate.

Plaintiff cannot recover in an action improperly brought as one for money had and received, although the real cause of action may be disclosed by the answer and reply.

*Appeal from Superior Court, Pierce County.*

*Charles W. Seymour* (*Pritchard, Stevens, Grosscup & Seymour,* of counsel), for appellant.

*A. H. Garretson,* and *Taylor & McKay,* for respondent.

The opinion of the court was delivered by

HOYT, J. — Plaintiff brought an action for money had and received.   The proof introduced showed that the liability of the defendant, if any, did not arise at all on account of any money which had come into his possession under such circumstances as would authorize a recovery therefor, as for money had and received for the use of plaintiff.   On the contrary, such proof showed that the liability of the defendant to the plaintiff grew out of an al-

leged contract, by which, in consideration of her agreeing to surrender to him the interest which she had in certain real estate, he agreed to pay her the amount of money for which she brought suit. Such being the fact, the case is brought directly within the decision of this court in *Distler v. Dabney*, 3 Wash. 200 (28 Pac. Rep. 335), and under the ruling therein announced the plaintiff had so failed to make out the cause of action stated in her complaint, at the time she rested her cause, that the motion of the defendant for a non-suit at that time interposed should have been granted.

Plaintiff seeks to avoid the effect of that decision by showing that her real cause of action is disclosed by the answer and reply, and that she ought to be allowed to recover on that account. We cannot sustain this contention. A plaintiff cannot allege one cause of action in his complaint and then, by means of a reply, recover upon an entirely different cause of action.

The judgment must be reversed, and the cause remanded with instructions to sustain the motion of the defendant for a non-suit.

Dunbar, C. J., and Anders, Scott and Stiles, JJ., concur.