[No. 1358. Decided December 21, 1894.]

ANTON OSTEN ET AL., *Respondents*, v. GUSTAV WINEHILL ET AL., *Appellants*.

PLEADING—DEPARTURE—ACTION ON QUANTUM MERUIT—ALLEGATION OF SPECIAL CONTRACT IN REPLY—WAIVER OF ERROR.

A party cannot set up one cause of action in his complaint and after answer is made abandon that and make an entirely new cause of action on a reply.

Where the complaint in an action is founded on a *quantum meruit* for labor performed and materials furnished for defendant, and the

answer sets up that the work was done under a written contract, the terms of which are set forth, a reply admitting the terms of the contract and that the work was to be done for a stipulated price, but alleging that plaintiff was prevented from fulfilling his contract by the failure of defendant to perform conditions thereof on his part, constitutes such a departure in pleading as to warrant a non-suit.

Where defendant has objected to the introduction of evidence on account of a departure in plaintiff's pleadings and has afterwards moved for a non-suit, he has thereby saved his right to urge the error on appeal, although he has failed to move for judgment on the pleadings.

*Appeal from Superior Court, King County.*

*Stratton, Lewis & Gilman*, for appellants.

*Fishback & Ferry* and *James B. Howe*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—The essential parts of the complaint in this case are that between the 23d day of September, 1890, and the 5th day of November, 1890, the firm of Osten & Co., at the request of appellants, performed work and labor and furnished materials consisting of stone work, brick work, plastering and cement for a certain building, the alleged property of the appellants, of the reasonable worth and value of $8,517.55, and an assignment of the claim to the plaintiffs for the sum named. The answer denied the contract alleged ; admitted that certain work was done by Osten & Co., for the defendant, Gustav Winehill ; denied non-payment, but alleged payment of the whole value of the work done. The defendants alleged as an affirmative defense that on or about the 23d day of September, 1890, the defendant, Gustav Winehill, entered into a contract with the plaintiffs and Herman Goetz (who constituted the firm of Osten & Co.), whereby the contractors agreed to do all the stone, brick and mason work, plastering, cementing and sidewalk for the building described, in conformity with drawings and specifications made therefor by Charles Hummel, architect, in a good and workmanlike manner, and to furnish good, proper and sufficient materials of all kinds

whatsoever, proper and sufficient for completing and finishing in a substantial and satisfactory manner the said building, and all the outbuildings and appendages connected with the premises, and all other work mentioned in the said plans and specifications, and to complete said work on or before the 15th day of January, 1891; and that thereafter, by agreement of the parties, the time for the completion of the work was extended to the 15th of February, 1891. That all the work referred to in the complaint was done under and by virtue of the said contract and not otherwise. Defendants attached a copy of the written contract to, and made it a part of, their answer as Exhibit A. They further alleged that defendant, Gustav Winehill, performed all the conditions of said contract on his part to be performed, and that he has been at all times ready and willing to comply with the same in every respect; but that the plaintiffs on about the 20th day of October, 1890, wilfully and without cause, abandoned their work under said contract, and neglected and refused, and have ever since neglected and refused, to complete said building as provided in said contract, or to perform the terms and conditions thereof, and claim damages for the breach in the sum of $5,000.

The plaintiffs then replied, denying the payments alleged and performance on the part of Winehill, but admitted the making of the contract alleged in defendants' answer, and that the work was done under the contract. And they also alleged that the said contract was in writing, and was made and entered into by defendant, Henrietta Winehill; he, the said Gustav Winehill, being then and at all times in the complaint mentioned the agent of the community composed of the defendant, Gustav Winehill, and Henrietta Winehill, by reason of their marriage. The reply further alleged that Osten & Co. had performed all of said contract except as thereafter stated, and were at all times ready and willing to comply with the same in every respect. Then alleged a failure on the part of Gustav Winehill to pay a certain amount due on the contract at a certain time; and that by reason of said failure and refusal of said Gustav Winehill to

keep and perform his said contract, the said Osten & Co. were prevented from fulfilling the further terms and conditions of said contract, and from finishing and rendering complete the performance of the whole of said contract on their part ; and alleged that by reason of the said failure of the defendant to carry out the terms of the contract, plaintiffs elected to treat the same as rescinded and at an end.

This matter above referred to is embraced in a second amended reply. Before the reply was filed defendant objected to the admission of any testimony for the plaintiffs, upon the grounds that under the pleadings it was admitted that the work for which plaintiffs sued was done under a written contract with the defendant, Gustav Winehill ; that the contract showed a specific price for the work to be done on the building, and that plaintiffs could not therefore recover upon allegations of a *quantum meruit,* even against the defendant Gustav Winehill ; and second, that the admissions of the pleadings showed that Henrietta Winehill was not a party to the contract, and that there could in no event be a recovery against her. Upon this objection plaintiffs asked leave to file their amended reply above referred to ; which was objected to by defendants, and the objection overruled. The amended reply was then filed as above set forth. Defendants demurred to the reply, as not constituting a defense to the new matter of defendants' answer, and moved to strike out certain portions of it as irrelevant and immaterial. The motion and demurrer were overruled. Upon the trial of the cause judgment was rendered in favor of plaintiffs against both defendants for the full amount claimed. Defendants moved for a new trial, which motion was overruled, and they brought their case here on appeal.

The first point urged by the appellants, that the amended reply constituted a departure in pleading which is not admissible under the code, we think is well taken. It has been decided by this court that a party cannot set up one cause of action in his complaint and after answer is made abandon that and make an entirely new cause of action on a reply. This question was squarely decided in *Distler v. Dabney,* 3

Wash. 200 (28 Pac. 335). In that case the action was brought for money had and received. The defendant denied the debt in a general way and set out a written contract for the sale of land. The plaintiff then replied, admitting the contract pleaded by the defendant, alleging that the plaintiff complied with the conditions of the contract and that the defendant failed to comply therewith, and failed to deliver to plaintiff a deed to said land within the time prescribed by the contract. In principle it is exactly parallel with the case at bar. It is true that the defendant in that case moved the court for a judgment on the pleadings, and objected to the testimony offered by plaintiff, and at the close of plaintiff's testimony moved for a non-suit. In this case it does not appear that the defendants moved for judgment on the pleadings, but they objected to testimony under the pleadings and moved for a non-suit; so that they have not lost any rights.

It is urged by respondents in their brief and orally before this court, that appellants did not raise the question of departure in pleadings, in their motion for a non-suit; that the motion was urged upon other grounds entirely; that they thereby waived their rights to move for judgment on the pleadings, and to move for non-suit on the ground of variance between the allegations and the proofs, and therefore have not brought this case within the rule in *Distler v. Dabney, supra*. In this the respondents are evidently mistaken, for, as shown by the record, the following statement was made by counsel for the respondents, and the following reasons given for the objection to the admission of testimony under the pleadings, viz., "first, because under the pleadings it is admitted in this case that the work for which plaintiffs are suing was done under a written contract with the defendant Winehill, and the terms of that contract are set up in the answer and are admitted by the reply, which prescribed among other things a specific price for the work to be done on the building. The plaintiffs have sued upon an implied contract for the value of services and labor. In other words, there is departure, and the same pleadings show that the

plaintiffs are not entitled to recovery upon the cause of action set out in the complaint; and no matter what the testimony may be upon the admitted facts and statement to the jury, the court will be bound to direct a non-suit."

In the case of *Distler v. Dabney, supra*, this court set out the statute and went into an investigation of the question at some length, and determined after due deliberation that under the provisions of the statute, which prescribes that the complaint shall contain a plain and concise statement of the facts constituting the cause of action, it is a plain and concise statement of facts which the law requires, and not their legal effect or the legal conclusions inferred from them; that the object of the reformed pleading is to compel the plaintiff to inform the defendant of the exact nature of the claim against him, so that he can answer intelligently and directly. This was followed and approved in *Clark v. Sherman*, 5 Wash. 681 (32 Pac. 771), where it was held that the plaintiff could not recover in an action improperly brought, as one for money had and received, although the real cause of action may be disclosed by the answer and replied to.

It is earnestly contended by the respondents in this case that the doctrine in *Distler v. Dabney, supra*, is not in accordance with the weight of authority, and that it should be limited rather than enlarged. We do not think we are called upon to enlarge the doctrine to sustain the appellants' contention in this case, and are satisfied that a compliance with the plain requirements of the statute sustains the holding of the court in that case, whatever the weight of opinion may be; and we are not now inclined to disturb it. If the plaintiff's damages arose from the violation of a written contract, they are not only required by the statute to allege that fact, but fair dealing also requires them to allege it, so that the defendants need not grope in the dark or be compelled to frame their answer or go to trial upon the hazard of a guess.

There were numerous other errors alleged, many on the instructions given by the court. But as the case was tried entirely upon a wrong theory, and as the same errors would probably not occur in a new trial of the cause, we will not

enter into their discussion here ; but for the errors above specified the judgment will be reversed and the cause remanded with instructions to sustain the motion of the defendants for a non-suit.

STILES and HOYT, JJ., concur.