[No. 4169.   Decided March 25, 1902.]

CHILDS LUMBER AND MANUFACTURING COMPANY, by N. S. Pratt, its Receiver, Appellant, v. FLORA R. PAGE et vir, Respondents.

MECHANICS' LIENS — PLEADING — DEPARTURE.

In an action to foreclose a lien for materials furnished under contract for the construction of a house, in which the answer sets up the contract in haec verba and alleges a breach of the conditions thereof, the fact that the reply admits the contract as set forth in the answer and sets up matter in avoidance of the alleged breach does not constitute a departure, since the facts alleged in the reply do not show a different contract from that set up in the complaint, and evidence of facts alleged, in the reply could be received under the allegations of the complaint.

SAME — VARIANCE.

Where a complaint alleges that a contract for furnishing materials for the construction of a building was fully performed by the delivery of the materials and the actual use thereof in the building, any showing of an extension of time for the delivery of the materials would not amount to a failure of proof under the allegations of the complaint, but would be no more than an immaterial variance.

SAME — COMPLAINT — PERFORMANCE    OF    CONTRACT — ALLEGATION
OF SATISFACTION.

In an action upon a contract for furnishing materials for·
a building, which provided that they should be of a quality
satisfactory to the owner, an allegation in the complaint that.
the materials were received and used by the owner is equivalent.
to an allegation of satisfaction.

SAME — ACCEPTANCE OF MATERIALS.

Where the owner of premises does not object to the mater-
ials furnished for the construction of a building thereon, or
condemn them, as provided in the building contract, but allows
them to be used in the building, he cannot thereafter refuse to
pay therefor on the ground that they are inferior and unsatis-
factory.

SAME — ARBITRATION — NECESSARY BEFORE SUIT.

Where a building contract gives the owner the right to fix
and determine the amount of damages sustained by reason of the
contractor's delay in the construction of a building, and, if the
contractor dissents therefrom and they cannot agree, the mat-
ter should be submitted to arbitrators, the failure of the con-
tractor to submit the dispute to arbitrators will entitle the owner
to set off the amount of damages fixed by himself in an action
brought by the contractor to recover on the contract.

Appeal from Superior Court, Spokane County.—Hon.
GEORGE W. BELT, Judge.    Reversed.

*Crow & Williams,* for appellant.

*Graves & Graves,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—Appellant brought this action below to
foreclose a lien for material furnished to respondents in
the construction of a dwelling house on certain lots in
Spokane.    When the cause came on for trial upon issue
joined, the respondents objected to the introduction of
any evidence upon the ground that it appears from the
pleadings that defendants are entitled to a judgment, and
that, from the answer and reply, it appears that the com-

9—28 WASH.

plaint does not state the contract made by the parties, and there is therefore a departure in the pleadings. This objection was sustained and the cause dismissed. Plaintiff appeals from this order of dismissal.

The allegations of the complaint material for consideration here are as follows:

"3.    That on or about July 31, 1900, plaintiff, Childs Lumber & Manufacturing Company, a corporation, entered into a contract with the above-named defendant A. J. Page, whereby plaintiff agreed to furnish the said defendants, Flora R. Page and A. J. Page, who were on said date wife and husband, and were the owners of the real estate hereinafter described, certain materials to be used in the construction of a building on the premises hereinafter described; and pursuant to said contract plaintiff on August 28, 1900, commenced to deliver materials upon said property, and continued so to deliver materials pursuant to said contract, and pursuant to the directions of the said defendants, upon said premises, until January 17, 1901, upon which said date plaintiff ceased to furnish materials pursuant to said contract upon said premises.

"4.    That the said materials were furnished by plaintiff to the said defendants, Flora R. Page and A. J. Page, pursuant to the said contract, to be used upon, and which said materials were used upon, and in the erection of, the dwelling house on lots 19 and 20 in Boulevard Addition to Spokane, Spokane county, Washington.

"5.    That, by the contract between plaintiff and said defendants, the said defendants were to pay for the materials described in the said contract, and which were actually furnished, the sum of $1,120, which said sum is the reasonable value of the said materials so specified in said contract, and which were furnished as aforesaid.

"6..    That in addition to the said materials so specified in said contract, and which were furnished by plaintiff, plaintiff further furnished under said contract extra materials to be used upon, and which actually were used upon, said premises aforesaid, at the reasonable value of $134.-60; that there has been paid upon all of the materials so

furnished as aforesaid the sum of $263.35, and there remains due for all of the said materials so furnished as aforesaid the sum of $991.25, after deducting all just credits and offsets, no part of which said balance has ever been paid, although payment has been demanded of the said defendants."

Then follow the allegations with reference to the lien and the prayer. The defendants answered the complaint, and admitted that on July 31, 1900, plaintiff entered into a contract with defendant A. J. Page whereby plaintiff agreed to furnish materials to be used in the construction of the building described; admitted that Flora R. Page and A. J. Page are wife and husband; admitted that the contract price of the materials to be furnished under the contract was $1,120; admitted that they have paid plaintiff $263.35; and denied all the other allegations of the complaint. For affirmative defense, defendants set out the contract *in haec verba*. The material parts to be considered here are substantially as follows: Art. 1. That the contractor (appellant) shall furnish the materials and perform the work prescribed in the contract under the direction and to the satisfaction of the owner (respondent A. J. Page). Art. 3:

"No alterations shall be made in the work shown or described by the drawings and specifications, except upon a written order of the owner; and when so made the value of the work added or omitted shall be computed by the owner, and the amount so ascertained shall be added to or deducted from the contract price. In the case of dissent from any such award by either party hereto, the valuation of the work added or omitted shall be referred to three disinterested arbitrators, one to be appointed by each of the parties to this contract, and the third by the two thus chosen, the decision of any two of whom shall be final and binding; and each of the parties hereto shall pay one half of the expenses of such reference."

Art. 4: The contractor shall provide facilities for inspection by the owner and shall, within twenty-four hours after receiving written notice from the owner to that effect, remove from the ground or buildings all materials condemned by the owner and take down all portions of the work which the owner shall by like written notice condemn as unsound or improper. Art. 5: Should the contractor neglect to supply the proper quality and quantity of material, or to prosecute the work with diligence, the owner, after three days' written notice, may supply the same at the expense of the contractor, and, upon like notice, terminate the contract. Art. 6: The contractor shall furnish materials as follows: $400 worth to be on the ground by September 1, 1900; $800 worth by October 1, 1900; and the remainder by October 15, 1900. Art. 7: Should the contractor be delayed by default of the owner, the time in which the work is to be done shall be extended for a period equivalent to the delay so caused, but no such extension shall be made unless a claim therefor is presented in writing to the owner within twenty-four hours after the delay,—the duration of the extension to be certified by the owner; but, if the contractor should be dissatisfied, resort may be had to arbitration as provided in article 3. Art. 8:

"The owner agrees to provide all labor and materials not included in this contract in such manner as not to delay the progress of the work, and in the event of failure so to do, thereby causing loss to the contractor, agrees that he will reimburse the contractor for such loss; and the contractor agrees that, if he shall delay the material progress of the work so as to cause any damage for which the owner shall become liable as above stated, then he shall make good to the owner any such damages. The amount of such loss or damage to either party hereto shall in every case be fixed and determined by the owner and

by arbitration, as provided in article 3 of this contract."

The answer then alleges that defendants performed all the conditions of the contract according to the terms thereof, and paid plaintiff between August 18, 1900, and October 27, 1900, $277.65; that plaintiff failed to deliver the materials at the time and manner provided, and thereby delayed the progress of the work, to defendants' damage in the sum of $942.35; that the materials furnished were of inferior quality and that defendants were thereby damaged $150. For a second affirmative defense it is alleged that the plaintiff failed to deliver the materials at the time or in the manner provided in the contract, and thereby delayed the progress of the work, and, as provided in the contract, defendant A. J. Page on February 1, 1901, fixed the amount of loss occasioned by said delay at $515, and served written notice thereof on plaintiff; and that plaintiff delivered inferior materials, and, as provided in the contract, defendant A. J. Page fixed the difference in price between the materials furnished and those agreed to be furnished at $150, and notified plaintiff thereof by written notice. Plaintiff, for reply to the first affirmative defense, admitted that the contract was in writing, but denied knowledge or information sufficient to form a belief that the copy pleaded by defendants was a true copy, and denied every other allegation in the first affirmative defense. For reply to the second affirmative defense, plaintiff admitted the defendant A. J. Page delivered a claim for damages, but denied every other allegation, and, as a further reply, alleged that any and all delay was caused by defendant Page, and that plaintiff performed its part of the contract diligently, and that, by mutual consent, the time for furnishing the material was extended; and that plaintiff, upon receipt of de-

fendants' claim for damages, notified defendants that plaintiff dissented from such claim.

It is argued by respondents that the answer and the reply constitute a departure in the pleadings, which is not permissible under the Code and under decisions of this court. This court has frequently held that the complaint shall contain a plain and concise statement of the facts constituting the cause of action, and that the plaintiff in its reply cannot be permitted to plead matters inconsistent with the statement made in the complaint. *Distler v. Dabney*, 3 Wash. 200 (28 Pac. 335); *Clark v. Sherman*, 5 Wash. 681 (32 Pac. 771); *Osten v. Winehill*, 10 Wash. 333 (38 Pac. 1123).

It is undoubtedly the rule in this state that where the reply sets up a different cause of action, and one inconsistent with that declared in the complaint, it is bad, as being a departure. Respondents do not claim that plaintiff must set out the contract sued on *in haec verba,* but insist that if it attempts to plead the substance of the contract upon which it relies, it must so plead the substance that what is alleged will correspond with the facts; and this is, no doubt, correct. With this idea in mind, let us examine the complaint. It is alleged (1) that on a certain date plaintiff and defendants entered into a contract; (2) that by the terms thereof plaintiff agreed to furnish defendants certain materials for a certain purpose; (3) that pursuant to the contract plaintiff began to deliver the materials and continued thereafter until a certain date; (4) that said materials were furnished pursuant to said contract, to be used upon, and which were used upon the building described; (5) that by the contract defendants were to pay for the materials actually furnished the sum of $1,120; that defendants paid part there-

of; that a balance of $991.25 remains due, no part of which has been paid though demanded. A contract is here alleged, a compliance therewith, and money due thereunder. All the essential elements of a cause of action are stated. The answer sets up the written contract *in haec verba,* alleges a breach thereof in certain particulars, and part payment, and a counterclaim, by way of damages provided for in the contract, for the balance of the liability. The reply, after denying damages alleged, sets up matter in avoidance of the damages claimed by the answer. If the reply may be construed as an admission of the contract set up by the defendants, and that the terms were not strictly complied with as to the time of the delivery of the material, and an excuse pleaded therefor, still we fail to see where there is any departure. No new contract is pleaded. The plaintiff does not quit or depart from its original case, and is not seeking to avoid the contract. Its reply endeavors to sustain its right of recovery under the original contract, and neither enlarged, abridged, or modified it. The test of a departure in pleading is whether evidence of facts alleged in the reply could be received under the allegations of the complaint. *Estes v. Farnham,* 11 Minn. 423. Tested by this rule, there is no departure, because the contract referred to in the answer and reply is certainly admissible in evidence to prove the contract alleged in the complaint. If the reply pleads a modification of the contract to the effect that the time for the delivery of the materials was extended, this does not amount to an allegation of another contract. The contract pleaded in the answer and admitted in the reply provides for an extension of the time of the delivery of materials under it, and, if it be true that the time was extended by mutual consent, it is still the same con-

tract. The complaint pleads a contract fully performed by the delivery of the materials, and the actual use thereof in the building, and money due by reason thereof. Hence it must follow that any extension of the time is immaterial to a recovery; and any variance in respect thereto is also immaterial. *Olson v. Snake River Valley R. R. Co.,* 22 Wash. 139 (60 Pac. 156). The cases from this court, cited above, holding that there is a departure in the pleadings and in the proof, are all cases where the cause of action set forth in the complaint was wholly abandoned and the plaintiff sought to recover upon the allegations of his reply which contained an entirely different cause of action. We have seen that such is not the present case. There was no material departure in the pleadings.

Respondents argue that, because the contract provides that the materials furnished shall be satisfactory to the defendants, compliance with this provision is essential to a recovery. This contention is, no doubt, true. But the pleader alleged that the materials were furnished pursuant to the contract and were used in the building. While this allegation does not say, in the words of the contract, that the materials were satisfactory, it says the same thing in effect, because, since the defendants accepted and used the materials, they must be held to have been satisfied therewith, and cannot afterwards be heard to say that they were not so satisfied. It is specifically provided in the contract, at article 4, that the contractor shall provide facilities for inspection, and shall, within twenty-four hours after notice, remove all materials condemned by the owner as unsound or improper, or in any way failing to conform to the specifications. When plaintiff alleged that the materials were received and used by the defendants, this must be held to amount to an allegation

of satisfaction.   4 Enc. Pl. & Pr., 645, and authorities cited.   If defendants did not object to the materials furnished, or condemn them, as provided in the contract, but accepted them and used them in the building, they cannot thereafter refuse to pay therefor.   1 Addison, Contracts (8th ed.), *p. 393; 29 Am. & Eng. Enc. Law, p. 928; *Smith v. Alker,* 102 N. Y. 87 (5 N. E. 791); *Duplex Safety Boiler Co. v. Garden,* 101 N. Y. 387 (4 N. E. 749, 54 Am. Rep. 709); *Doll v. Noble,* 116 N. Y. 230 (22 N. E. 406, 5 L. R. A. 554, 15 Am. St. Rep. 398); *Hawkins v. Graham,* 149 Mass. 284 (21 N. E. 312, 14 Am. St. Rep. 422); *McCarren v. McNulty,* 7 Gray, 139; *O'Dea v. Winona,* 41 Minn. 424 (43 N. W. 97); *Tetz v. Butterfield,* 54 Wis. 242 (11 N. W. 531, 41 Am. Rep. 29).

Respondents also insist that compliance with the articles in the contract providing for arbitration was essential to a recovery by the plaintiff.   It has been held by this court in a number of cases that, where the parties to a contract agree therein that any dispute shall be submitted to an arbitrator, whose award therein shall be conclusive, a party thereto cannot maintain an action, where he has not offered to arbitrate, or has refused to do so upon notice by the other party.   *Zindorf Construction Co. v. Western American Co.,* 27 Wash. 31 (67 Pac. 374), and cases cited.

The defendants, in their second affirmative defense and counter claim, allege, substantially, that plaintiff failed to deliver the materials at the time and in the manner provided in said contract, thereby causing loss to the defendants, and that defendants, before the action was begun, fixed and determined the amount of loss and damages sustained thereby at $515, and served written notice thereof upon plaintiff.   These allegations bring the

defendants within the terms of the contract pleaded, and, if true, constitute a defense for that much of plaintiff's claim. These allegations, however, are denied by plaintiff, except that it is admitted that defendants served the claim for damages and that plaintiff dissented therefrom. It therefore became the duty of the plaintiff to have brought itself within the terms of the contract, by offering to submit this dispute to arbitrators as provided; and, not having done so before the action was brought, plaintiff cannot recover the whole amount sued for, and must be held to have consented to the claim for this amount. For the reason that the contract provides that the owner may condemn materials unsound and improper, and he did not do so, he cannot use the materials and then defend because the materials were inferior and caused him damages.

For the reason stated, we are of the opinion that the allegations in the answer are not sufficient to bring the other items named in the first and second affirmative defenses within the terms of the contract. It follows that upon the pleadings, taken as a whole, since the payments made and damages for delay claimed before the action was begun do not amount to the contract price of material furnished and used, the defendants were not entitled to judgment; and, since there was no departure in the pleadings, the court erred in dismissing the action.

Reversed and remanded for further proceedings.

REAVIS, C. J., and DUNBAR, HADLEY, FULLERTON and ANDERS, JJ., concur.