[No. 6592. Decided August 1, 1907.]

C. J. ERICKSON, *Respondent,* v. F. McLELLAN & COMPANY, *Appellant.*[1]

PLEADING—REPLY—DEPARTURE. In an action upon a contract, where the defendant alleged failure to perform within the time limit, it is not a departure to set up in the reply a modification of the original contract as to the time limit and delay occasioned by the defendant preventing a performance within such time, which was thereby waived.

SAME—DEFECTS—OBJECTIONS. Objections to defects in pleadings cannot be raised by objection to any evidence at the trial.

Appeal from a judgment of the superior court for King county, Morris, J., entered April 16, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action upon contract. Affirmed.

*Piles, Howe & Farrell* and *Dallas V. Halverstadt,* for appellant.

*Shank & Smith,* for respondent.

PER CURIAM.—The respondent brought this action against the appellant to recover the sum of $1,542.90. In his complaint he alleged, in substance, that he had entered into a contract with the appellant by the terms of which he agreed to do certain work in improving a public street in the city of Seattle which the appellant was under contract with the city

[1]Reported in 91 Pac. 249.

to do; the work consisting of certain grubbing and clearing, and excavating and filling, the first to be paid for in a lump sum, and the other at so much per cubic yard; alleging further that he had fully performed all of the terms and conditions of the contract on his part to be performed. The written contract sued on was attached to the complaint as an exhibit, and contained a condition to the effect that the respondent should have eleven months from June 1, 1904, within which to fully complete the work required under the contract, and that for each and every day that the work should remain unfinished after the required time he would pay ten dollars as liquidated damages. A certain further sum was claimed also for extra work.

The appellant in its answer admitted the execution of the contract mentioned in the complaint, and the doing of this work as therein alleged, but denied that there was any balance due, and especially denied that the appellant had performed the contract according to its terms, or that he was entitled to anything for extra work. For an affirmative defense it set out the clause in the contract requiring the work to be completed within a given time, and alleged that the respondent did not complete the work within the given time, nor for more than one hundred and thirty days thereafter. It also alleged that it had furnished the respondent with certain materials and labor which had not been paid or accounted for; further alleging that the amount due for liquidated damages and for the value of the labor and materials exceeded the respondent's demand, and prayed that the respondent's action be dismissed.

The respondent filed a reply to the affirmative defense, in which he admitted that he had not completed the work within the time prescribed in the contract, but alleged that the contract had been changed so as to include further and additional work, and for the finishing of which no time limit was fixed; also that he was further delayed by the failure of the appellant to erect a certain bulkhead which was necessary to be

erected before the work he had contracted to do could be completed, and that the subsequent change in the contract and the failure of the appellant to erect the bulkhead, amounted to a waiver of the time limit prescribed in the written contract.

On the issues thus made, the case went to trial before the court without a jury. During the course of the trial, the respondent offered evidence tending to show an oral modification of the contract sued on in the respects set out in the reply, and that the appellant had delayed the completion of the work by its failure to erect the bulkhead. To this evidence the appellant objected, but its objection was overruled. At the conclusion of the evidence, the court found in favor of the respondent for practically the amount sought to be recovered. Judgment was entered upon the findings, and this appeal taken therefrom.

The appellant assigns error upon the ruling of the court admitting evidence of the facts pleaded in the reply, contending that the reply was a departure from the allegations of the complaint, and hence not permissible in this state under the ruling of *Distler v. Dabney*, 3 Wash. 200, 28 Pac. 335, and other cases maintaining the same doctrine. In the case cited, it was held that a plaintiff could not set up one cause of action in his complaint, and after answer abandon that cause of action and set up an entirely new one in his reply. To the same effect is *Osten v. Winehill*, 10 Wash. 333, 38 Pac. 1123, where it was also held that the question could be raised by objecting to the admission of evidence, and moving for a nonsuit. But the case at bar does not fall within the rule of either of these cases. A departure in pleading takes place when, in a subsequent pleading, a party deserts the ground taken in his last antecedent pleading and resorts to another. Here there was no desertion of the cause of action set out in the complaint. The respondent was still compelled, in order to recover, to prove the principal allegations of his complaint, and the most that can be said against the pleading is that the entire cause of action is not set out in the complaint.

But to set out a part of the cause of action in the complaint and the balance in the reply is not a departure in pleading, however defective the pleading may otherwise be. Neither is it the proper remedy for such a defect to go to trial and object to the introduction of evidence. The pleading should be moved against, so that the pleader may have an opportunity to correct it without the delay and expense of taking a nonsuit and commencing his action over again. It seems to us now that such a practice would have been more in consonance with the spirit of the code had it been adopted in the cases above cited, but since we hold the case at bar does not fall within them, it is unnecessary to announce a modification of the rule. We will not, however, extend the doctrine to other cases. As no other error is assigned, it follows that the judgment appealed from must be affirmed. It is so ordered.