[No. 9351. Department One. June 3, 1911.]

J. S. CLEMMONS *et al.*, *Appellants*, v. GEORGE H. McGEER, *Respondent*.[1]

PLEADING—REPLY—DEPARTURE—QUIETING TITLE. In an action to quiet title, in which the complaint alleged that defendant claims some interest adverse to the plaintiffs, which was without right, and the defendant answered claiming title under a deed from the plaintiffs, it is a fatal departure, authorizing judgment for the defendant on the pleadings, for the plaintiffs to reply that the deed, executed in blank, was fraudulently procured by one B. and wrongfully delivered to defendant as security for a loan to B. for not more than $650, and that if defendant had any interest at all, it was only as a mortgagee (GOSE, J., and DUNBAR, C. J., dissenting).

DEEDS—EXECUTION IN BLANK—DELIVERY. The execution and delivery of a deed in blank authorizes the party to whom it was intrusted to fill in the name of a grantee and vests title in the grantee.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered June 1, 1910, dismissing on the pleadings an action to quiet title. Affirmed.

*J. B. Keener*, for appellants.

*Ellis, Fletcher & Evans*, for respondent.

[1]Reported in 115 Pac. 1081.

PARKER, J.—The question involved in this appeal is whether or not the trial court erred in dismissing the case upon the ground that the plaintiffs' reply to the affirmative defense of the defendant's answer constituted a departure from the allegations of the complaint.

The plaintiffs allege in their complaint, in substance, that they are the owners of certain land in Tacoma; that the defendant claims some interest therein adverse to them; that such claim of the defendant is without any right whatever; and pray that they be declared to be the owners of the land, and that the defendant have no estate or interest therein.

The defendant, in his answer, denies the ownership of the plaintiffs in the land, and alleges as an affirmative defense, in substance, that he acquired title to the land by a good and sufficient warranty deed from the plaintiffs, under which he claims title thereto.

The plaintiffs, replying to the affirmative allegations of the answer, allege, in substance, that, prior to the date of the deed under which defendant claims title to the land, they entered into a contract with one Bell, by which he was to furnish the material and erect a building for them upon other land belonging to them, for which he was to be paid in part by a conveyance of the land here involved; that when the building was partially constructed, Bell requested a conveyance of this land in part payment thereof, representing to the plaintiffs that the material furnished for, and work done upon, the building was paid for to the extent of $725, the agreed value of the land here involved, and which Bell then asked to have conveyed to him; that relying upon the representation of Bell, the plaintiffs executed a deed for the land, leaving the name of the grantee blank; that Bell was then unable to procure receipts for more than $265 showing payment for the material furnished for and labor upon the building; that Bell then requested the plaintiffs to leave the deed with him until the next morning, when he would produce receipts aggregating $725, and relying upon this representation, the plaintiffs

did leave the deed with Bell; that upon calling at Bell's office the next morning for the purpose of receiving the receipts, they failed to find him; that they thereafter repeatedly called at his office but never found him, and never received any further receipts showing payment towards material and labor upon the building; that thereafter Bell took the deed to the defendant and obtained a loan from him in a sum not greater than $650, and as security therefor inserted the name of the defendant as grantee in the deed and delivered it to him; that thereafter plaintiffs had to expend large sums in protecting their property from liens incurred in the construction of the building; that the deed was never delivered to Bell except in the manner stated; and "that if said defendant George H. McGeer has any claim whatever, and plaintiffs deny that he has any claim at all, it is nothing more than a mortgage subsequent and junior to the interests of plaintiffs . . ."

The pleadings being in this condition, the cause was called for trial, when counsel for the defendant moved the court for a dismissal, upon the grounds, among others, "that the reply shows an absolute departure from the cause of action attempted to be set up in the complaint, and the reply pleads facts which show that the plaintiffs have no cause of action as pleaded in the complaint." This motion was granted, judgment entered accordingly, and the plaintiffs have appealed.

It has become the settled law of this state, in keeping with the general rule elsewhere, that a plaintiff cannot, over the objections of his adversary, by any pleadings subsequent to his complaint, bring into the action for adjudication any cause of action different from that set forth in his complaint. *Distler v. Dabney*, 3 Wash. 200, 28 Pac. 335; *Bell v. Waudby*, 4 Wash. 743, 31 Pac. 18; *Clark v. Sherman*, 5 Wash. 681, 32 Pac. 771; *Osten v. Winehill*, 10 Wash. 333, 38 Pac. 1123; *Gile v. Baseel*, 38 Wash. 212, 80 Pac. 437; *Smart v. Burquoin*, 51 Wash. 274, 98 Pac. 666; *Spokane Grain Co. v. Great*

*Northern Express Co.,* 55 Wash. 545, 104 Pac. 794. The
rule is stated in 6 Ency. Plead. & Prac., p. 461, as follows:

"A plaintiff in an action must recover, if at all, upon the
cause of action stated in his declaration or complaint, and a
replication or reply that sets up a different cause of action
from that declared on is bad for departure. The office of a
replication or reply is to meet the allegations of the plea or
answer, and it cannot, in ordinary cases, introduce, as a basis
for affirmative relief, matter enlarging the grounds upon
which recovery was originally sought. This can be done
only by amendment of the original pleading."

It seems to us that the allegations of this reply affirma-
tively show that appellants are not entitled to have their title
quieted as against the claim of respondent, since those alle-
gations show that respondent has a valid conveyance for the
land amounting at least to a mortgage securing a loan to
Bell, and that to this extent at least his interest is superior
to that of appellants. Appellants executed the deed with the
name of the grantee left blank. In this condition it was de-
livered into the hands of Bell by appellants, upon his promise
to produce the receipts showing payment for material fur-
nished and work upon the building to the extent of the value
of the land. Bell then inserted the name of respondent in the
deed as grantee and delivered it to him for value, whether as
a mortgage to secure a loan or an absolute conveyance we need
not now determine. There is no allegation of any knowledge
on the part of respondent as to the manner in which Bell ac-
quired possession of the deed, nor of fraud of any nature on
the part of respondent indicating that he was other than an
innocent purchaser or mortgagee of the land. The posses-
sion of the deed by Bell was such *prima facie* evidence of its
delivery as, we think, entitled respondent to assume that it had
been delivered to Bell for the purpose of conveying title to
the land. *Richmond v. Morford,* 4 Wash. 337, 341, 30 Pac.
241, 31 Pac. 513. Now, had Bell's name been inserted in the
deed at the time it was executed by appellants, and had Bell

then conveyed by deed of his own to respondent, clearly respondent would have acquired an interest in the land as an innocent purchaser or mortgagee. It seems to be well settled that a deed, in which the name of a grantee is left blank and otherwise lawfully executed, will vest title in a person whose name is subsequently inserted therein by one having authority from the grantor so to do. In this case, we think the authority of Bell to insert respondent's name in the deed as grantee must be determined from the view that the respondent was entitled to take of Bell's authority from the fact of Bell's possession of the deed. The supreme court of Iowa, in the case of *Hall v. Kary,* 133 Iowa 465, 110 N. W. 930, 119 Am. St. 639, dealing with the question of this presumption of authority of one in possession of a deed with a blank for the insertion of the name of a grantee, said, at page 468:

"It appears beyond controversy that plaintiff left the instrument which had been thus executed by him and his wife with Chamberlain, and accepted and retained possession of a conveyance of property in exchange for that in question; and it must be presumed that, although plaintiff's deed was blank as to grantee, the intention was to vest Chamberlain with title to the property described therein, and authorize him to insert the name of a grantee as he should see fit. That a deed thus left blank as to the grantee, being otherwise fully executed, vests title in the person whose name is subsequently inserted therein by the one to whom it is delivered as a conveyance is well settled in this state. *Swartz v. Ballou,* 47 Iowa 188; *Logan v. Miller,* 106 Iowa 511; *McClain v. McClain,* 52 Iowa 272; *McCleery v. Wakefield,* 76 Iowa 529."

See, also, *Creveling v. Banta,* 138 Iowa 47, 55, 115 N. W. 598; *Burk v. Johnson,* 146 Fed. 209, 219; *State v. Young,* 23 Minn. 551; *Garland v. Wells,* 15 Neb. 298, 18 N. W. 132.

We are of the opinion that the respondent had a right to assume that Bell was authorized to insert the name of a grantee in the deed and deliver it to such grantee, and that respondent thus acquiring the deed without fraud on his part, and for value, acquired an interest in the land. It thus appearing from the allegations of the reply that respondent

has an interest in the land, the prayer of plaintiffs' complaint must of necessity be denied, since the plaintiffs' title cannot be quieted as against this claim. In this respect the reply is not only a departure from the cause of action set up in the complaint, but it affirmatively shows that there is no such cause of action in plaintiffs' favor. Whether or not appellants are entitled to have the deed declared to be a mortgage only, securing to respondent a loan to Bell, is a question that cannot be litigated in this action, because it is a different cause of action from that pleaded in the complaint, and hence, is in any event a departure within the rule.

The judgment is affirmed.

MOUNT and FULLERTON, JJ., concur.

GOSE, J. (dissenting)—I do not think the reply shows such a departure from the cause of action stated in the complaint as to justify a dismissal of the case. The complaint alleges ownership in the plaintiffs. The answer alleges ownership in the defendant. The reply, in effect, alleges: (1) that the defendant's deed was procured by means of fraud; and (2) that if it is effective for any purpose, it is a mortgage for a sum not to exceed $650. If the plaintiffs can establish any of the facts stated, they can quiet their legal title. The fact that, under a certain contingency, they cannot get all the relief prayed for in the complaint does not defeat their action. This view is supported in principle by *Sanford v. Royal Ins. Co.*, 11 Wash. 653, 40 Pac. 609. While I do not commend the plaintiffs' pleadings as a model for the bar of the state, I think that an issue is joined which should be determined by the court. I therefore dissent.

DUNBAR, C. J., concurs with GOSE, J.