[No. 10816.  Department Two.  May 26, 1913.]

NELS C. K. LINSTEDT, *Respondent*, v. NATIONAL CASUALTY COMPANY, *Appellant*.[1]

PLEADING—REPLY—DEPARTURE—ACTION ON POLICY OF INSURANCE—WAIVER OF LOSS.  In an action upon a policy of accident insurance, it is not a departure, after answer alleging that the action had not been commenced within six months after the furnishing of the proofs of loss alleged in the complaint as required by the policy, for the plaintiff to reply that the proofs set out in the complaint were only preliminary proofs, and that the final proofs of loss required by the policy had been waived by the defendant.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 7, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon a policy of accident insurance.  Affirmed.

*Granger & Clarke*, for appellant.

*Van Dyke & Thomas*, for respondent.

FULLERTON, J.—The appellant, in consideration of certain premiums paid it, insured the respondent against loss of time, resulting from bodily injuries "effected directly and independently of all other causes through external, violent and accidental means."  The amount of the insurance was made to depend on the extent of the disability caused by the injury, and it was provided that, if the injuries were sustained while riding as a passenger within the enclosed part of any rail-

[1] Reported in 132 Pac. 403.

way passenger car provided for the exclusive use of passengers and propelled by steam, compressed air, cable or electricity, the indemnity payable should be double the amount which would under the terms of the policy be otherwise payable for such injuries. While the policy was in force, the respondent received bodily injuries while riding in the enclosed part of a railway passenger car provided for the exclusive use of passengers and propelled by steam, which totally disabled him for a considerable period of time and partially disabled him for another such period; the aggregate times of such disabilities covering the life of the policy. The respondent in due time notified the appellant of his injury, and later demanded an adjustment of his loss. Negotiations were carried on between them for some time, but no agreement was reached. This action was finally brought to recover on the policy, and resulted in a verdict and judgment in favor of the respondent. This appeal followed.

In his complaint the respondent alleged that proper notice and proof of the accident and the resulting injuries sustained by the respondent therefrom had been given to the appellant. In its answer the appellant admitted that such proofs were furnished, but alleged that they were so furnished at a particular date, and that the action had not been begun within six months from the time of furnishing such proofs as required by the policy. The respondent for reply alleged that the proofs to which the appellant referred in its answer were not final proofs but proofs made in furtherance of the negotiations between the parties for a settlement, and set forth that the terms of the policy requiring final proofs had been waived.

At the trial, after the respondent announced that he had closed his evidence in chief, the appellant moved for a nonsuit on the grounds that the action had not been begun within six months of the making of proofs of loss, and that the matter set up in the reply was a departure from the cause of action alleged in the complaint. The respondent there-

upon requested and was granted leave to reopen his case and introduce evidence tending to show a waiver by the appellant of proofs of loss in accordance with the allegations of his reply. After he had again rested, the motion was renewed and denied by the court. These rulings constitute the first error assigned. But we find no error in the rulings complained of. The evidence offered made a *prima facie* case of waiver of proofs on the part of the appellant, and the remaining question is controlled by the case of *Erickson v. McLellan & Co.*, 46 Wash. 661, 91 Pac. 249. In the case cited concerning similar pleadings, we said:

"A departure in pleading takes place when, in a subsequent pleading, a party deserts the ground taken in his last antecedent pleading and resorts to another. Here there was no desertion of the cause of action set out in the complaint. The respondent was still compelled, in order to recover, to prove the principal allegations of his complaint, and the most that can be said against the pleading is that the entire cause of action is not set out in the complaint. But to set out a part of the cause of action in the complaint and the balance in the reply is not a departure in pleading, however defective the pleading may otherwise be. Neither is it the proper remedy for such a defect to go to trial and object to the introduction of evidence. The pleading should be moved against, so that the pleader may have an opportunity to correct it without the delay and expense of taking a nonsuit and commencing his action over again."

The remaining objections go to the sufficiency of the evidence to sustain the verdict and judgment. We can conceive, however, of no useful purpose in setting forth a review of the evidence on the objections made. It is sufficient to say that, in our judgment, there was substantial evidence on every material allegation necessary to be proven.

The judgment is affirmed.

CROW, C. J., MAIN, and ELLIS, JJ., concur.