[No. 22731. Department One. October 8, 1930.]

ARTHUR PAULSON, *Respondent,* v. NICK BABICH, *Appellant.*[1]

*Selden & Lee,* for appellant.

*Henry Arnold Peterson,* for respondent.

HOLCOMB, J.—The original complaint of respondent in this action was upon an account stated for the recovery of $697.69. After answer by appellant, which alleged certain new matter by way of confession and avoidance, respondent, apparently assuming that the issues under his original complaint might be too narrowly stated, filed and served an amended complaint, setting forth the facts giving rise to his claim in the same exact sum. To this amended complaint, appellant answered, averring certain new matter, again by way of confession and avoidance, and also cross-complained against respondent for alleged damages in the

[1] Reported in 291 Pac. 1087.

sum of $3,178, against which was credited $697.69, admitted to be due respondent as his share from a fishing venture, leaving the net damages alleged to have been sustained by appellant in the sum of $2,480.31, for which appellant prayed judgment.

To the amended answer and cross-complaint of appellant, respondent replied, denying all the material affirmative matter in the affirmative answer of appellant and the cross-complaint. Paragraph I of the answer to respondent's amended complaint admitted certain allegations in the amended complaint, and also made the following admission and plea of avoidance:

"Defendant admits that, after deducting the advances, and charges for board, there was on the 31st day of October, 1929, a balance of $697.69 determined between the parties as having been earned by the plaintiff upon said fishing trip, but specifically denies that, on said 31st day of October, 1929, there was due and owing the plaintiff $697.69, or any amount whatsoever, and in this connection defendant states the fact to be that, on said 31st day of October, 1929, the plaintiff and defendant met for the purpose of determining the amount which plaintiff had earned on said fishing trip, and it was agreed between them that $697.69 was the amount so earned by plaintiff; that, at said time, and as a part of the same transaction and conversation, the plaintiff agreed with defendant that, while they were on said fishing trip, he had, through carelessness and negligence, caused damage to be done to the fishing boat 'Robin,' for which this defendant is liable, and that he would pay the defendant for the damages to said boat 'Robin'."

The reply of respondent to the answer and cross-complaint of appellant consisted almost entirely of denials; the only exception was that, replying to that part of the answer above quoted, the same was denied, save and except that,

". . . plaintiff admits that, on said 31st day of October, 1929, plaintiff and defendant met for the pur-

pose of determining the amount which plaintiff had earned on said fishing trip, and it was agreed between them that $697.69 was the amount so earned by plaintiff.''

At this point, it may be observed that respondent asserts that, by the pleading of appellant, above quoted, he admitted the alleged indebtedness in full for which respondent sued. We do not so consider. The admission, which was coupled with the new matter by way of avoidance, did not admit that the indebtedness existed. Neither did the admission of respondent in the reply thereto constitute a departure in the pleadings. The reply simply admitted so much of the affirmative answer of appellant as fixed the amount which had been earned by respondent.

A jury having been called to try the case, after it was impaneled, appellant moved for judgment on the pleadings upon the ground that the admissions in the reply of respondent are inconsistent with, and constitute a departure from, the amended complaint, which motion was overruled. After counsel for respondent made his opening statement to the jury and reiterated the same facts, motion was again made for judgment upon the pleadings and the opening statement of counsel, upon the ground that there was a departure in the pleadings and that respondent was then attempting to recover upon an account stated. This motion was denied. At the conclusion of all of the evidence, appellant again renewed his motion for judgment on the pleadings, because the action had been based entirely upon the account stated and there had been no evidence to prove the same. The jury returned a verdict for respondent for the sum of $697.69, upon which appellant moved for judgment n. o. v., upon the same grounds. This motion was

denied by the court and judgment entered upon the verdict.

On appeal, the only propositions urged are that one of the several motions for judgment on the pleadings or the motion for judgment n. o. v., should have been granted, and that the denial thereof constituted error.

To the point that a party cannot set up one cause of action in his complaint and, after answer, abandon that and make an entirely new cause of action on the reply, and that the true test of departure is whether evidence of facts alleged in the reply could be received under the allegations of the complaint, appellant cites the following of our cases:

*Distler v. Dabney,* 3 Wash. 200, 28 Pac. 335; *Osten v. Winehill,* 10 Wash. 333, 38 Pac. 1123; *Smart v. Burquoin,* 51 Wash. 274, 98 Pac. 666; *Clemmons v. McGeer,* 63 Wash. 446, 115 Pac. 1081, and *Perlus v. Market Investment Co.,* 95 Wash. 484, 164 Pac. 65.

We can see nothing in common with any of those cases and this case. In all of the cited cases, there were radical departures from the original allegations in the complaint and those attempted to be set up by reply.

In this case, the only issue presented by the pleadings of appellant was the issue of whether or not the parties had agreed, on October 31, 1929, that the net amount which was then agreed to have been earned was subject to the counterclaim for damages by appellant. Upon that issue, upon the admissions made by both parties in their pleadings, the trial court submitted the case to the jury. It granted the right to open and close to appellant. The facts relating to that counterclaim were at issue. They were not changed in any way by the reply.

It is obvious that the court would have erred had it granted any motion for judgment on the pleadings.

Believing the contentions of appellant to be untenable, the judgment is affirmed.

MITCHELL, C. J., TOLMAN, MAIN, and PARKER, JJ., concur.