[No. 4555.   Decided July 15, 1903.]

CHILDS LUMBER AND MANUFACTURING COMPANY, *Appellant,* v. FLORA R. PAGE *et al., Respondents.*

CONTRACTS — CONSTRUCTION — ARBITRATION.

A single clause of a building contract giving the owner the right to fix the amount of the damages owing to delay, and, upon dissent by the contractor, requiring arbitration, must be construed in connection with the other clauses, and does not limit the arbitration to that point, where it is apparent that all matters in dispute are to be arbitrated.

SAME — PLEADINGS — ADMISSIONS IN REPLY.

Where the contract permits the owner to fix the damages for delay and requires arbitration if the contractor dissents, and the reply admits that the damages were fixed, the plaintiff cannot avoid the effect of such admission by showing that the delay was not its fault, that the time had been extended, or that the claim was in bad faith, where those defenses had not been submitted to arbitration or any attempt made to arbitrate;   and judgment is properly given on the pleadings for the amount claimed, less the damages fixed.

Appeal from Superior Court, Spokane County.—Hon. GEORGE W. BELT, Judge. Affirmed.

*Crow & Williams,* for appellant:

The reply shows a sufficient excuse to relieve the appellant from any liability by reason of delay. *Bardwell v. Ziegler,* 3 Wash. 34; Lloyd, Law of Building, §§ 39, 40;

*Palmer v. Stockwell,* 75 Mass. 237; *Weeks v. Little,* 89 N. Y. 566; *Taylor v. Renn,* 79 Ill. 181; *Stewart v. Ketel- tas,* 36 N. Y. 388; *Davis v. Crookston Water Works Co.,* 47 Am. St. Rep. 622; *White v. School District,* 28 Atl. 136; *Ketchum v. Zeilsdorff,* 26 Wis. 514; *Abbott v. Gatch,* 71 Am. Dec. 635; *Norton v. Browne,* 89 Ind. 333; *De Boom v. Priestly,* 1 Cal. 206; *McCausland v. Cresap,* 3 G. Greene, 161.

*Graves & Graves,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—This is a second appeal of this cause. The opinion on the former appeal will be found in 28 Wash. 128 (68 Pac. 373), where will be found, also, a full statement of the pleadings in the cause, and the facts giving rise to the controversy between the parties. After the cause had been remanded on the former appeal, the plaintiff (appellant here) amended its reply, in which it substantially admitted the allegation in the defendant's answer to the effect that it had failed to deliver the ma- terials agreed to be furnished at the time named in the contract, and that the defendant A. J. Page had deter- mined the amount of the loss and damage sustained by the defendants thereby in the sum of $515, and had served written notice thereof on the plaintiff, but sought to avoid the effect of the admission by pleading certain matters in defense thereof, which may be epitomized as follows: (1) That whatever delay occurred was caused by the de- fendants; (2) that the delay was not caused by any fault of the plaintiff; (3) that time of performance had been extended by the mutual agreement of the parties, though not for the entire time of the delay; (4) that prior to the institution of this action the plaintiff had brought an-

other action involving the same subject-matter as this, and that before the institution of that action the defendant had claimed that his damages amounted to the sum of $250; but that when that action was instituted he served upon the plaintiff a written claim for damages in the sum of $515 because of delay, and $150 because of defective materials; (5) that neither of such claims were the result of investigation or computation by defendant, but were made capriciously, and in bad faith; and (6) that when the complaints were made the plaintiff gave notice that it dissented therefrom. On the filing of this reply the defendant moved for judgment on the pleadings, when the trial court held that, as a matter of law, the plaintiff could recover only an amount equal to the excess of its claim over $515, and entered judgment for the plaintiff accordingly. The plaintiff again appeals from the judgment.

The appellant insists that one clause alone of the contract entered into between the parties, viz., article 8 (28 Wash. 132, 68 Pac. 373), is applicable to the matter now in dispute between them, and that this clause authorizes the owner to fix the amount of the damage caused by delays only, which alone it is required by the contract to arbitrate; and that it is open to it to litigate in the courts the question of its liability for such damage, and hence it has the right to litigate in the courts the several matters set out in its reply as a defense to the claim. Reading article 8 of the contract by itself, some support, doubtless, can be found for this contention; but it is a familiar principle that a contract must be read as a whole, and its meaning gathered from the whole instrument, and not from any particular part thereof. So reading this contract, there is little doubt as to its meaning. However awkward or cumbersome its language may be, it is clear that it was in-

tended that, should there be any delay on the part of the appellant in fulfilling its part of the contract, the defendant A. J. Page should have the right to determine the amount of damages suffered by the owners thereby, and the right, if the claim should be disputed by the appellant, to have all the matters pertaining thereto settled by arbitrators, selected as provided in the contract. No doubt the appellant could have defended against the claim before the arbitrators by showing that the delay was not its fault, that it was the fault of the owner, that the time had been extended, that the claim made was capricious, and in bad faith, or, perhaps, for other reasons stated in its reply; but it was before that board these defenses must be made. It was the intention of the contract that all matters of dispute concerning the performance of the contract that should arise between the parties should be settled by arbitration, and, as this court has repeatedly held, disputes which a party has agreed to submit to arbitration cannot be litigated by him in the courts without first showing that he has offered to arbitrate pursuant to the agreement, and has been refused by the other party. In its amended answer the appellant prayed that the court, if it found that the defendants were entitled to offset their claim of damages against the amount due the appellant, "that this action, as to such claim, be dismissed without prejudice, for the purpose of having the question of such damages referred to a board of arbitrators, as provided for by said contract." It now complains that the trial court in its decree made no order in reference thereto, and asks this court, in case the decree is affirmed in other respects, to provide that the decree shall not prejudice the right to an arbitration in the future. But it seems to us that, if the appellant is barred of the right to arbitrate the

claim for damages in some future proceeding, it is because of its conduct, rather than by the form of the decree entered, and, without now determining the question one way or the other, as we think it is not before us, we decline to alter the form of the decree.

Other questions suggested by the appellant are concluded by what we have said above, and, as we find no error in the record, the judgment will stand affirmed.

MOUNT, HADLEY, ANDERS and DUNBAR, JJ., concur.