[No. 810.  Decided January 17, 1893.]

ALBRECHT MESTERMAN, *Respondent*, v. THE HOME MUTUAL INSURANCE COMPANY OF CALIFORNIA, *Appellant*.

INSURANCE — CONDITIONS OF POLICY — KNOWLEDGE OF AGENT — ESTOPPEL.

An insurance company is estopped from asserting the invalidity of its policy at the time of its issue, on account of the violation of the condition of such policy against additional insurance, if, at the time of the issue, the fact of such additional insurance was known to the company, or its duly authorized agent.

Where a person makes application to an insurance company for the entire amount of insurance desired, stating that he has other insurance on the property, and such company procures a policy for a portion of the insurance from another company, the company to which application is made is not the agent of the applicant, but of the other insurance company, and the latter company is bound by the knowledge of such agent.

*Appeal from Superior Court, Spokane County.*

*Stott, Boise & Stott,* for appellant.

*Thomas C. Griffitts,* for respondent.

The opinion of the court was delivered by

HOYT, J. — Although there are some cases holding the contrary, we think the decided weight of authority, as well as the better reasoning, is in favor of the rule that an insurance company is estopped from asserting the invalidity of its policy at the time it was issued for the violation of any of the conditions of such policy, or the application therefor, if, at the time that it was so issued, the fact of such violation was known to the company, or its duly authorized agent. That the Northwest Fire and Marine Insurance Company had knowledge, at the time of the issuance of the policy by the appellant, of the existence of the additional insurance which it is alleged rendered it void, is made entirely clear by the proofs, and is in fact conceded; hence, under the rule above stated, a policy issued by it could not be avoided on account of such additional insurance.

It only remains to determine as to whether or not the appellant is chargeable with knowledge of the facts thus known to said company.   There is some proof tending to show that the fact of such additional insurance was communicated to the appellant, but such fact was not established by undisputed proofs.   It follows that, if there was no other ground upon which the appellant could be held

liable, the action of the court in taking the case from the jury would have been erroneous, as it is not competent for a court to instruct a jury to find a verdict unless the facts warranting such instruction are established by undisputed proofs. It will, therefore, be necessary for us to investigate the relation which the said Northwest Fire and Marine Insurance Company bore to the appellant and to the respondent. If in what it did it was acting solely as agent of the respondent, then the appellant would not be bound by the knowledge which it had any further than the same was communicated to it. If, on the contrary, it was acting as the agent of the appellant, the knowledge which it had was in law the knowledge of the appellant, whether communicated to it or not. That an insurance broker, who is employed by any one to place insurance, is the agent of the person thus employing him, and not of the company with which the insurance may be placed, is well settled by the authorities; but, in our opinion, the facts in this case show that said company was not acting as an insurance broker employed by the respondent. He had made his application to such company for the entire amount of insurance which he desired, and had truthfully stated all the facts required by the company to enable it to act upon his said application. There is nothing whatever in the record to show that he had in any manner instructed said company to place any of the amount for which he had applied with other companies. No knowledge is brought home to him of any change in the application made by him to said company for the entire amount of the insurance. Under this state of facts, when he received the policies for the full amount of insurance by the hands of said company, we think he was justified in assuming that all of them had been issued in pursuance of his said application, even although some of them were issued by other companies, especially as the policies of such other companies had printed upon them,

when delivered to him, a statement that the company to which he had made his application was the agent of the company which issued the policy.

The contention of the appellant that the indorsement that the company which delivered the policy was its agent was unauthorized cannot be sustained as against the respondent. The Northwest Fire and Marine Insurance Company was its agent, at least for the purpose of the delivery of the policy, and the assured had the right to assume that, as it was delivered to him, it came from the hands of the appellant. Under all the circumstances of the case, it must be held that said Northwest Fire and Marine Insurance Company was the agent of the appellant, and not of the assured, in the matter of the issuance and delivery of the policy in question. It follows that the knowledge of said company was the knowledge of the appellant. All the facts upon which this conclusion is founded were established by undisputed proofs; hence, the instruction to the jury to return a verdict for the plaintiff was proper, and the judgment rendered thereon must be affirmed. .

DUNBAR, C. J., and SCOTT, ANDERS and STILES, JJ., concur.