[No. 3349. Decided January 2, 1900.]

OLIVIA COLE, *Respondent*, v. UNION CENTRAL LIFE IN-SURANCE COMPANY, *Appellant*.

INSURANCE—MODIFICATION OF CONDITIONS IN POLICY.

A provision in an insurance policy that "none of its terms can be modified, nor any forfeiture under it waived, save by an agreement in writing signed by the president or secretary of the company" would not be binding or effective as to the assured, when he had no knowledge of it, never assented to it, and was not informed that the policy to be issued would contain such a provision.

SAME—CONFLICT BETWEEN APPLICATION AND RECEIPT—WHICH CON-TROLS.

Where the delivery of an application for insurance and the giving of a receipt for the premium are contemporaneous acts, the terms of the receipt, which are wholly in writing, will con-trol the printed terms of the application which conflict with it.

SAME—WAIVER OF CONDITIONS—ESTOPPEL.

Where the general agent or manager of a foreign insurance company within the state waives the condition contained in the company's printed forms of application, stating that no policy issued thereon shall be binding until the first premium is paid, and such officer issues a receipt for part payment of premium which alleges that it is binding on the company from date of the receipt, and such matter being within the apparent scope of the authority of such general agent, the company is estopped to deny the acts of its agent, or to assert the invalidity of the agreement made by him.

Appeal from Superior Court, King County.—Hon. JOHN K. BROWN, Judge pro tem.    Affirmed.

*John E. Humphries, William E. Humphrey* and *Harrison Bostwick,* for appellant.

*Brady & Gay* and *Milo A. Root,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—The defendant is a life insurance company organized under the laws of the state of Ohio, and doing business within this state pursuant to the statute. Its general agent and manager within this state at the times herein mentioned was Edward Newbegin, residing in the city of Seattle.    On January 24, 1898, Thomas H. Cole applied to such general agent for an insurance policy insuring the life of him, the said Cole. . Thereupon an application in writing was filled out, signed and delivered. In the course of the proceedings, Cole was introduced by Newbegin to one R. Cooper Willis, special agent of the defendant company; and we gather from the record that the transaction which occurred at that time was in the presence, and had the approval, of both Newbegin and Willis.    The annual premium on the insurance sought to be effected amounted to $12.38, and, as part of the transaction, Cole then and there paid the sum of $3, and received the following receipt:

" Union Central Life Insurance Company, of Cincinnati.
Office of
Edward Newbegin, General Agent,
308-309 New York Building, Seattle, Wash.
This is to certify that Mr. Thomas H. Cole has paid the sum of $3.00 (three) as part payment of his policy, which is binding on the company from this date.
R. Cooper Willis, Agent
Union Central Life Insurance Company
of Cincinnati."

There was testimony introduced at the trial tending to show, and, in contemplation of the verdict, the jury must have found, that there was a credit of sixty days extended to Cole for the payment of the balance of the first annual premium, and that this credit was extended by Newbegin. In this connection it should be stated that all policies of insurance issued by said company are issued at its home office, in Cincinnati, and signed by its president and attested by its secretary; and, at the time of the transaction to which we now refer, the policy was not before the assured for his examination, nor does it appear that its conditions were made known to him by the agents of the company.     The application for insurance contained the following stipulations, printed therein in small type, viz.:

" It is hereby agreed and warranted that, should the company issue a policy upon this application, its interests shall not be affected by verbal statements made to its agents or others, or by the knowledge of such agent, but that it shall be affected only by the statements herein made (including those made to the Medical Examiner), which are hereby warranted to be true, full, and correct as facts, and they shall constitute the basis of any policy which may be issued hereon.

I agree that any policy which may be issued under this application shall not be valid until the first premium is paid to the company or its authorized agent, and the receipt therefor countersigned by the agent, and delivered during my lifetime."

It is alleged in the reply that the provision just referred to in reference to the payment of the premium "was by agreement of the parties at the time, modified and changed in such a way as to render the policy valid from the time of the application and the payment of the three dollars, and a credit of sixty days was extended to Cole for the payment of the balance of the first payment."     Also, that the stipulation appearing in the application in fine print

was not called to the attention of the said Cole, and that he was led to believe that there was nothing in the application contrary to or inconsistent with his agreement with the general agent, granting an extension of sixty days on the unpaid balance of the first premium; and "that the company ratified the act of the extension of time for the payment of the balance of the said first premium, and accepted and retained the three dollars paid on the said contract;" that neither the defendant nor its agent ever made known to Cole that there was any provision in the insurance policy to be issued that was contrary in any way to the agreement made with the company and its agent as herein set forth, and neither the plaintiff nor Thomas H. Cole ever knew of any such provision or provisions; and that the three dollars so paid had been retained by the defendant and no demand for the unpaid balance of the first premium ever made.   On the 30th day of January, 1898, a policy was issued at the home office of the company, which contained, among other provisions, the following:

" The contract of insurance between the parties *hereto is completely set forth in this policy* and the application for the same, and none of its terms *can be modified,* nor any forfeiture *under it waived,* save by an agreement in writing *signed* by the *President* or *Secretary* of the Company, whose authority for this purpose shall not be delegated."

The policy was sent to general agent Newbegin for delivery, but never was delivered.   On the 23d day of February, Cole died at Sheep Camp district, Alaska, and up to the time of his death the balance of the premium had not been paid.   After Cole's death, plaintiff paid such balance to the company, through Newbegin, who received it, not knowing of Cole's death, and, having subsequently learned of it, offered to return the amount so received, which offer the plaintiff refused to accept.   The case was

tried in the superior court before a special judge selected
by the parties, and from a judgment in plaintiff's favor
the company has appealed.

A number of alleged errors are assigned in appellant's
brief, but, in the main, they relate to the authority of
appellant's agents to bind the company, and the action of
the trial judge in permitting the plaintiff to give evidence
at the trial of any agreement or contract conflicting with
the written application and the policy subsequently issued
upon it.    The rulings of the trial judge were consistent
throughout, and the points raised in the different assign-
ments all relate to these main questions, which are pre-
sented in different phases and forms.    The controversy
between counsel as to whether this action is upon a written
policy of insurance, or upon a preliminary contract, may
be dismissed with the observation that, upon the record
here, it is wholly immaterial which view is adopted.
Adopting that theory which is most favorable to the appel-
lant, we think the action is upon the written policy, modi-
fied by the preliminary agreement, under which the pro-
vision contained in the application in reference to the pre-
payment of the premium was waived, and credit given for
the unpaid balance, and that the provision of the policy
to the effect that "none of its terms can be modified, nor
any forfeiture under it waived, save by an agreement in
writing signed by the president or secretary of the com-
pany," never became binding or effective, because it never
received the assent of the assured, who had no knowledge
of it, and was not informed that the policy to be issued
would contain any such provision.

This court in the early case of *Mesterman v. Home Mu-
tual Ins. Co.,* 5 Wash. 529 (32 Pac. 458, 34 Am. St. Rep.
877), recognizing that the authorities were conflicting,
adopted the rule that:

" An insurance company is estopped from asserting the invalidity of its policy at the time of its issue, on account of the violation of the condition of such policy or the *application therefor*, if, at the time it was issued, the fact of such violation was known to the company or its duly authorized agent."

And the doctrine thus announced was subsequently re-affirmed in *Hart v. Niagara Fire Ins. Co.*, 9 Wash. 620 (38 Pac. 213, 27 L. R. A. 86).

The delivery of the application and the giving of the receipt must be regarded as contemporaneous acts; and, where it is apparent that there is a conflict between them, we think it must be ruled that the terms of the receipt, which was wholly in writing, must control the printed terms of the application which conflict with it. Adopting that rule, and remembering that the assured here was dealing with the highest officer of the defendant within the state, concerning a matter which was within the apparent scope of the authority of such general agent or manager, and in ignorance of any stipulation contained in the policy—which was not then before him or open to his inspection—denying the right of such general agent or manager to waive statements or conditions contained in the application, it must be held that the company is estopped to deny the acts of its agent Newbegin or to assert the invalidity of the agreement made by him with the applicant; the effect of that agreement being to waive the condition of the application and the policy subsequently issued, requiring prepayment of the premium as a precedent condition. In reaching this conclusion, we decide no new principle; and the views herein expressed are fully sustained in *Mesterman v. Home Mutual Ins. Co., supra,* and *Hart v. Niagara Fire Ins. Co., supra,* and authorities cited in the latter case.

The objection of the appellant to the introduction of a letter written by Newbegin subsequent to the transaction

in question, and also to the testimony of witness Brady as to a conversation between the witness and Newbegin, become immaterial, in view of the admissions contained in the pleadings and of the conclusions reached by us upon the main proposition.

The judgment is affirmed.

DUNBAR, REAVIS and FULLERTON, JJ., concur.