[No. 4860.   Decided March 3, 1905.]

## J. L. FOSTER, *Respondent,* v. PIONEER MUTUAL INSURANCE ASSOCIATION, *Appellant.*[1]

INSURANCE—FALSE STATEMENTS IN APPLICATION—FRAUD OF AGENT—IGNORANCE OF INSURED—WARRANTY.   A fire insurance policy is not void by reason of false statements contained in the application, inserted by the agent without the knowledge of the insured, where the exact truth was stated to the agent, and the insured signed the application relying upon the agent's statement that it was correct, and had no actual knowledge of limitations upon the agent's authority, or of a warranty clause printed in small type in the application.

SAME—POLICY—CLAUSE REQUIRING WRITTEN AUTHORITY—SOLICITOR AGENT OF COMPANY—KNOWLEDGE OF.   A provision in a policy of insurance to the effect that no person unless authorized in writing shall be deemed the agent of the company, does not make a solicitor the agent of the insured, but he is the agent of the company, and his knowledge of matters material to the risk becomes the knowledge of the company.

SAME—LIMITATION UPON AUTHORITY OF AGENT—NOTICE TO INSURED—STATEMENTS OF AGENT.   A clause in an application limiting

1Reported in 79 Pac. 798.

the authority of an insurance agent in respect to statements not contained in the application, does not charge the insured with knowledge of such limitation, where it is printed in very small type, and the insured in good faith pays for the insurance through the same agent, in reliance upon statements of the agent not contained in the application.

Appeal from a judgment of the superior court for Yakima county, Rudkin, J., entered April 8, 1903, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon a policy of fire insurance.    Affirmed.

*Whitson & Parker* and *Granger & Heifner,* for appellant.    The insured was bound to take notice of the limitations upon the authority of the agent, who was a mere solicitor, and not authorized to bind the company.    *Nixon v. Travelers' Ins. Co.,* 25 Wash. 254, 65 Pac. 195; *New York Life Ins. Co. v. Fletcher,* 117 U. S. 519, 6 Sup. Ct. 837; *Sun Fire Office v. Wich.,* 6 Colo. App. 103, 39 Pac. 587; *Clevenger v. Mutual Life Ins. Co.,* 2 Dak. 114, 3 N. W. 313; *Ryan v. World Mut. Life Ins. Co.,* 41 Conn. 168, 19 Am. Rep. 490; *Wilkins v. State Ins. Co.,* 43 Minn. 177, 45 N. W. 1; *Hankins v. Rockford Ins. Co.,* 70 Wis. 1, 35 N. W. 34; *Cleaver v. Traders Ins. Co.,* 65 Mich. 527, 32 N. W. 660, 8 Am. St. 908; *Kirkman v. Farmers' Ins. Co.,* 90 Iowa 457, 57 N. W. 952, 48 Am. St. 454; *Northern Assur. Co. v. Grand View Bldg. Ass'n.,* 183 U S. 308, 22 Sup. Ct. 133.

*Henry J. Snively,* for respondent, cited:    *Mesterman v. Home Mut. Ins. Co.,* 5 Wash. 524, 32 Pac. 458, 34 Am. St. 877; *Hart v. Niagara Fire Ins. Co.,* 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86; *Cole v. Union Cent. Life Ins. Co.,* 22 Wash. 26, 60 Pac. 68, 47 L. R. A. 201; *Marston v. Kennebec Mut. Life Ins. Co.,* 89 Me. 266, 36 Atl. 389, 56 Am. St. 412; *Wheaton v. North British etc. Ins. Co.,* 76 Cal. 415, 18 Pac. 758, 9 Am. St. 216; *Royal Neighbors*

*etc. v. Bowman,* 177 Ill. 27, 52 N. E. 264, 59 Am. St.
201; *Mailhoit v Metropolitan Life Ins. Co.,* 87 Me. 374,
32 Atl. 989, 47 Am. St. 36; *Creed v. Sun Fire Office,*
101 Ala. 522, 14 South. 323, 46 Am. St. 134, 23 L. R. A.
177; *Follette v. Mutual Accident Ass'n.,* 110 N. C. 377,
14 S. E. 923, 28 Am. St. 693, 15 L. R. A. 668; *German
Ins. Co. v. Hayden,* 21 Colo. 127, 40 Pac. 453, 52 Am.
St. 206; *Bebee v. Hartford Mut. Fire Ins. Co.,* 25 Conn.
51, 65 Am. Dec. 553; *Lycoming Mut. Ins. Co. v. Schollen-
berger,* 8 Wright (44 Pa. St.) 259; *Beal v. Park Fire Ins.
Co.,* 16 Wis. 257; *Davenport v. Peoria etc. Ins. Co.,* 17
Iowa 276; *Sternaman v. Metropolitan Life Ins. Co.,* 170
N. Y. 13, 62 N. E. 763, 88 Am. St. 625; *Insurance Co.
v. Wilkinson,* 13 Wall. 222; *Clark v. Union Mut. Fire
Ins Co.,* 40 N. H. 333, 77 Am. Dec. 721; *Taylor v. An-
chor Mut. Fire Ins. Co.,* 116 Iowa 625, 88 N. W. 807, 93
Am. St. 261, 57 L. R. A. 28.

HADLEY, J.—This is a suit to recover for loss by fire.
The defendant, an insurance company, issued a policy
of insurance to plaintiff, covering his dwelling house and
personal property therein, including an organ.    The writ-
ten application signed by the insured stated, by way of
answers to printed questions therein, that the chimneys
and flues of the house were constructed of brick; that
the applicant was the sole owner of the land upon which
the building stood; and that none of the personal property
insured was incumbered by chattel mortgage, bill of sale,
pledge, or otherwise.    The truth was the flues were not
made of brick, the land was held by the insured under
contract of purchase upon which payments had been made,
and the organ was also held by him under conditional
sale, the principal portion of the purchase price having
been paid.

The issue was made in the pleadings and evidence, that
the insured stated to the agent of the company the exact
truth, in relation to all of the above matters, when the ap-
plication was filled out and signed; that the agent wrote
the answers, and that neither the answers nor the applica-
tion were read over by the applicant he being unable to
see to read without great difficulty on account of the ab-
sence of his eye-glasses; that, relying upon the assurance
of the agent that the application truthfully stated the facts,
as they had been given to the agent, the insured signed the
application.   The above was denied, both in the pleadings
and evidence.   The cause was submitted to a jury, and
a verdict was returned for the plaintiff.   From a judg-
ment entered upon the verdict, the insurance company
has appealed.

Specified assignments of error relate to the following:
(1) The denial of appellant's motion for judgment upon
the pleadings; (2) the overruling of its objection to the
introduction of any testimony; (3) the denial of its mo-
tion for judgment at the close of plaintiff's testimony; (4)
the instruction to the jury to the effect that appellant was
bound, if its agent had knowledge of the facts at the time
of the application and issuance of the policy, and if the
insured had no knowledge of any limitations upon the
agent's authority.   The questions raised by the above may
be discussed together.   On the face of the blank form of
application, printed in very small type, was the following:

"The applicant agrees that each of the foregoing ques-
tions are correctly answered, and that such statements,
answers and valuations are true and a warranty on his
part; that the accepting of this risk and the issuing of
a policy of insurance thereon is based solely upon the
application, and the association shall not be bound in any
respect by any act done or statement or agreement made

to or by any solicitor, agent, or other person which is not contained in this application."

Appellant contends that the above constituted notice to respondent of the limitations upon the authority of the agent. It is urged that, inasmuch as he signed the application, he was bound to know its contents, and that he therefore had knowledge that appellant would not be bound by any statements made by him to the agent, even though truthful, if they were not contained in the application. Whatever may be said of the rule applying under similar circumstances to ordinary written contracts, it must be conceded that there is conflict of authority upon this subject, in relation to contracts made with insurance companies through the medium of agents. It is a matter of common knowledge that the business of soliciting insurance is largely done through agents at places generally remote from the location of the insuring company. The people are, as a rule, not informed concerning the technical rules governing insurance contracts. In the nature of things, they must and do rely largely upon the agents, not only because of the latter's superior knowledge upon the subject, but, also, because they regard the agents as coming from their principals clothed with authority. For these reasons the cases are numerous which hold that, when an agent acts with knowledge of the facts, he is the agent of the insurer, and that his knowledge becomes, in law, that of his principal, and binds the latter when the insured has no knowledge of the limitations upon the agent's authority.

Appellant, however, cites authorities to the effect that, where an application contains upon its face a statement of the limitations upon the agent's authority, the insured is thereby informed, and should be held to have knowledge, thereof. We shall not review these authorities, in view of

the conflict between them and others, including our own cases, and will confine our references to our own decisions. In *Mesterman v. Home Mut. Ins. Co.*, 5 Wash. 524, 32 Pac. 458, 34 Am. St. 877, it was held that knowledge, on the part of an authorized agent of the insurance company, becomes, in law, the knowledge of the company, whether communicated to it or not. In *Hart v. Niagara Fire Ins. Co.*, 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86, the former case was approved, and the court enlarged upon the principle with emphasis. In that case the policy contained a provision that it should be void, if the interest of the assured were other than unconditional and sole ownership. The fact was that the insured property stood upon leased land. It was established that the agent who received the application was, at the time, fully informed as to the ownership and condition of the title. The policy also contained the following: "In any matter relating to this insurance no person, unless authorized in writing, shall be deemed the agent of this company." It was contended that, by reason of the above, the solicitor became the agent of the insured, instead of the insurer. It was held otherwise. The only difference in principle between that case and the one at bar is that there was, in the former case, no written application containing questions and answers, together with a statement relative to the agent's limitations, but the limitations were stated in the policy. The court, however, referred to the absence of such written application, and expressed the view that, even when such application is made, "the courts have almost universally held that, where the assured gave proper answers to the questions, and the agent who acted as the scrivener wrote them down falsely, the company could not on that account escape its liability in case of damage." Authorities upholding the above doctrine were there cited, and the assent

of this court was given thereto, although it was admitted there is conflict of authority upon the subject. The above cited cases were approved in *Cole v. Union Cent. Life Ins. Co.,* 22 Wash. 26, 60 Pac. 68, 47 L. R. A. 201, and *Hall v. Union Cent. Life Ins. Co.,* 23 Wash. 610, 63 Pac 505.

Appellant, however, cites *Nixon v. Travelers' Ins. Co.,* 25 Wash. 254, 65 Pac. 195, and argues that it departs from the former cases. We think not. The prior cases were there cited and distinguished from the one then under consideration. It was shown that the assured had actual knowledge of the limitations upon the agent's authority to waive time for payment of the premium, for the reason that, after time for payment of one premium installment had passed, he was required to make application direct to the company for reinstatement. Moreover, two of the judges concurred in the result of that case expressly on the ground that actual knowledge on the part of the assured was shown and that they did not intend to depart from the doctrine of the former cases. Respondent calls our attention to many cases in harmony with our own herein cited, and expressly supporting the rule that, when true answers are, in good faith, made by an assured, and false ones are written into the application by an agent, who knows the facts, but so written without the actual knowledge of the assured, and without actual knowledge of the limitations upon the agent's authority, such agent, in so doing, acts as the agent of the insurer, and the latter is estopped to deny its liability.

Appellant contends that the person who filled out the application was only a solicitor, and was not an agent authorized to accept insurance. The same point was made in *Hart v. Niagara Fire Ins Co., supra,* wherein it was sought, by reason of a provision in the policy to establish that no one was to be deemed an "agent" unless authorized

in writing.    The court, however, made clear its view that, under the well-understood definition of agency, the solicitor of an insurance company is, in law and in fact, the agent of the company, and that "it should not be allowed to escape its responsibilities by a simple device of words, which flatly contradict the true meaning of the contract." If insurance companies desire to so limit the authority of such agents, they must bring actual knowledge thereof to the insured.

In the case at bar, the words in the printed application, which are relied upon as charging knowledge to the insured, are in such small type that the ordinary man would not be likely to read them, unless his attention should be especially directed to them.    While they appear not far above the signature, yet they are the least conspicuous of any printed matter upon the page, and the average man might reason therefrom that they are of the least importance.    An insurance company should first set the example for its agents by making such an important subject conspicuous in its printed matter, and the temptation of the agent to conceal would thereby be lessened.    Moreover, the full import of the words would doubtless not be grasped by many minds, without explanation.    It is true, when an agent does not see that an applicant is fully informed as to the limitation upon the agent's authority, and then deliberately falsifies the answers in an application, without the knowledge of the applicant, he of course perpetrates a fraud upon his company.    Looking, however, at the relative positions of the insured and the insurer, it seems just, under such circumstances, that when the applicant has acted honestly, and has in good faith paid his money for protection by insurance, which money has been received by the insurer through the same agent, the insured ought not to be the sufferer.

The facts of this case have been settled by the verdict of a jury in favor of respondent. For the foregoing reasons we think they are sufficient to sustain the verdict. We find no error in the instructions. The issues were fairly submitted, and the law of the case within the above views clearly stated. The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.