[No. 7614.   Decided December 26, 1908.]

G. C. SMART *et al., Appellants*, v. A. BURQUOIN, *Respondent*.[1]

PLEADING—REPLY—DEPARTURE.   In an action to recover upon a *quantum meruit* for services rendered in plowing defendant's land, it is a departure in pleading to allege, in reply to an answer setting up a lease, that plaintiffs were in possession as tenants of the defendant at the time of the plowing, and that defendant afterwards breached the terms of the lease by serving notice upon plaintiffs to quit and taking possession of the land.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered February 27, 1908, in favor of the defendant by direction of the court, after a trial before the court and a jury, in an action on contract.   Affirmed.

*Lovell & Hamilton, E. A. Davis,* and *John Truax,* for appellants.

*Roche & Onstine,* for respondent.

CHADWICK, J.—This was an action brought by plaintiffs, G. C. Smart et al., to recover the reasonable value of work and labor performed by them at the special instance and request of defendant, A. Burquoin, in plowing certain lands owned by defendant, in Adams county, Washington.   Defendant asked for a bill of particulars in respect to the

[1] Reported in 98 Pac. 666.

contract, whether oral or written, to which the plaintiffs responded, saying "that the agreement, if any, made by and between the parties herein, was oral and not in writing."

Thereupon defendant answered, denying the material allegations of plaintiffs' complaint, and further alleging that plaintiffs had entered into possession of defendant's lands under an express contract of lease, made in the presence of witnesses, dictated by an attorney to a stenographer, but for reasons not now material not extended and signed by the parties at the time. The alleged lease is set out *in haec verba* in the answer. It is further alleged that, in virtue of the contract of lease, plaintiffs did partially cultivate and summer fallow the lands of defendant; that plaintiffs violated the terms of the lease in certain specified particulars and had wholly abandoned the land.

To defendant's answer plaintiffs replied, admitting that the parties had entered into an oral contract by the terms of which defendant agreed to lease, and plaintiffs agreed to rent, for a certain term, the lands described in defendant's answer, the rental therefor to be one-third of the crops raised thereon; that they went into possession under the terms of the oral agreement, and that they remained in possession until served with a notice to quit. They deny further that they have in any way broken or violated the terms of the lease, but alleged that, on the contrary, defendant has violated the terms of the contract by entering upon and taking possession of the lands during the life of the lease. The parties disagree upon the terms of the contract with reference to certain covenants going to the seeding and cultivation of the land; but, as will be seen, this element of the case presented needs no discussion.

It is admitted that the contract, whether as alleged by plaintiffs or as alleged by defendant, was made on or about the 1st day of March, 1906, and that plaintiffs entered and continued in possession until on or about January 7, 1907, which was the date that service of notice to quit was made

upon them. The work done by plaintiffs was performed be-
tween those dates, and consisted in summer fallowing a part
of the land. When the case was called for trial, defendant
objected to the introduction of any evidence, and moved the
court that the jury be discharged and that judgment be
entered for the defendant for the reason "that there was a
departure in the pleadings, the reply being inconsistent with
the complaint." This motion was overruled, which being duly
excepted to, the court and a jury proceeded to hear the
evidence. When plaintiffs had rested, defendant renewed his
motion and further challenged the sufficiency of the evidence,
and moved that the jury be discharged and judgment en-
tered in favor of defendant. From the allowance of this mo-
tion, and the judgment of the court dismissing the action,
plaintiffs appeal.

A careful reading of the transcript impels the conclusion
that no error was committed by the court in thus disposing
of the case. He might well have, and as we view the law
should have, sustained respondent's objection to the intro-
duction of any testimony on the part of appellants, for
clearly there was a departure in the pleadings. It can hardly
be denied that the reply sets up a cause of action different
from that alleged in the complaint. It enlarges the ground
upon which the recovery was originally sought, and if proven
would entitle appellants to recover damages for the value
of their leasehold estate, rather than the value of services
which they had expressly contracted to perform. The true
test of departure is whether evidence of facts alleged in the
reply could be received under the allegations of the complaint.
6 Ency. Plead. and Prac., p. 462. This test brings this
case squarely within the rule announced in the cases of
*Osten v. Winehill*, 10 Wash. 333, 38 Pac. 1123, and *Distler
v. Dabney*, 3 Wash. 200, 28 Pac. 335. In the last case cited
the court said:

"But in this instance the matters and things set up in the
reply are inconsistent with the statement made in the com-

plaint; for the cause of action stated in the complaint is money had and received by defendant for the use of plaintiff, while the cause of action stated in the reply is the breach of a specific contract. To allow the plaintiff to prove his case on the averments of either the complaint or reply, . . . as the testimony happens to serve, would be to allow him to go fishing for a judgment; while the defendant would be uncertain what he was called upon to defend until the testimony of plaintiff had been submitted."

In this case the pleadings show that appellants seek to recover upon a *quantum meruit* the value of their plowing, while holding under a lease with the rent reserved in kind, with no promise or obligation whatever upon the respondent to pay in money for any work done in tilling the land. Therefore, whether they abandoned or quit upon notice becomes immaterial. If they abandoned, they are without remedy; if they were evicted, they have mistaken their remedy. There was no question for the jury to decide.

The judgment of the lower court is affirmed.

RUDKIN, FULLERTON, and MOUNT, JJ., concur.

HADLEY, C. J., and CROW, J., took no part.

DUNBAR, J., concurs in the result.