[No. 8715. Department One. June 28, 1910.]

Arabell Bothell, *Respondent*, v. National Casualty Company, *Appellant*.[1]

Insurance—Accident Insurance—Policy—More Hazardous Occupations—Liability. Where a policy of accident insurance provides that, upon change by the insured to a more hazardous occupation, the company's liability shall be only for such proportion of the indemnity as the premium paid would have purchased at the rate fixed by the company for the more perilous hazard, the policy automatically adjusts itself to the occupation of the insured; and where the agent, upon correct answers by the insured stating his occupation as that of a logger, incorrectly stated his occupation in the policy to be that of a logging contractor, recovery can only be had at the rate fixed for the actual and more hazardous occupation (Fullerton, J., dissenting).

Appeal from a judgment of the superior court for King county, Albertson, J., entered September 30, 1909, upon findings in favor of the plaintiff, in an action on a policy of accident insurance, after a trial on the merits before the court without a jury. Reversed.

*Fred G. Clarke, H. T. Granger*, and *Henry C. Walters*, for appellant.

*John L. Rockwell* and *Robert C. Saunders*, for respondent.

Gose, J.—On October 15, 1908, one A. J. Bothell made a written application to the appellant for a policy of accident insurance. Immediately preceding his signature to the appli-

[1]Reported in 109 Pac. 590.

cation, the following provisions are printed in the same type as the remainder of the application:

"I understand and agree that, if I contract illness or am injured fatally or otherwise after having changed my occu-- pation to one classified by this company in their manual as more hazardous than that herein stated, or if I am injured while performing, temporarily or otherwise, any act pertaining to any more dangerous hazard or exposure, or occupation, the company's liability shall be only for such proportion of the principal sum or other indemnity as the premium paid by me will purchase, at the rate fixed by the company for such greater or more perilous hazard or exposure,"

and

"I further agree to accept the policy subject to its provisions, conditions, limitations and the company's manual of classification of hazards."

The application states that the applicant is the owner of a logging camp, and that his duties are "contracting only; not working." The appellant accepted the application, issued its policy of insurance with a copy of the application attached, and forwarded it to the insured. The application is by express words made a part of the policy. The policy was issued on October 17, 1908, and the insured sustained injuries from which he died, while working as a logger on November 17 following. The case was tried to the court, and a judgment entered in favor of the respondent for $1,000 and costs. The appellant contends that the judgment should have been entered for $100, with legal interest and costs, which it tendered in its answer.

The record presents but one question. The respondent pleaded, and was permitted to prove, that the insured fully and truthfully stated the duties of his occupation to the appellant's solicitor, who procured the application, and that the solicitor wrote a false answer to the printed question in the application, and thereby caused the application to falsely state that the duties of the insured were "contracting only; not working," when the insured had informed him that he

did "everything about the camp. Sometimes I tend hook;
sometimes drive team, run engine," etc. The appellant ob-
jected to the introduction of this evidence. The appellant's
manual of classification of hazards, which was admitted in
evidence, provides that the death indemnity for a logger
under the policy is $100. We think the respondent can
recover only this sum with legal interest. The policy auto-
matically adjusts itself to the occupation of the insured, and
gives him such indemnity as the premium paid by him will
purchase in the occupation in which he is engaged when in-
jured. This is fair and equitable to both the insurer and
the insured. True, it does not give the beneficiary all that
the solicitor promised, but it does give her all that the pre-
mium would have purchased had the application truthfully
stated the occupation. By the automatic provisions of the
policy the insured is guaranteed protection, and the company
is protected against the overzeal and dishonesty of its agents.

The case is not analogous to the cases in this and other
jurisdictions hereafter referred to, where the insurance com-
pany sought to avoid all liability on account of breaches of
warranty clauses, where the true facts were stated to the
agent and false answers were written in the application by
him. In such cases it has been held that his knowledge is
the knowledge of the company, and that it will not be pre-
sumed that the company intends to issue a worthless policy.
An analogous case may be stated by supposing that a man
fifty years of age applied for a policy upon his life, cor-
rectly stating his age; that the agent falsely stated in the
application that the applicant was twenty-one years of age,
and the policy contained a provision adjusting the liability
of the company to such sum as the premium paid would pur-
chase according to the age of the applicant at the time of
the issuance of the policy. Certainly, in such a case, the
beneficiary could not recover more than the premium paid
would purchase at the regular premium rate according to
the mortality tables. *Ferguson v. Lumberman's Ins. Co.,*

45 Wash. 209, 88 Pac. 128, is in point. That was an action to recover upon a fire insurance policy. The application and the policy described only lumber while contained in the yard, or the sheds in the yards of the assured. The court permitted oral evidence on the part of the insured, to the effect that the agent of the company stated to the insured when the application was signed, that the policy was an "unlimited policy," meaning that it covered lumber in the mill and the adjoining buildings as well as lumber in yards, and that the insured would not have taken the policy but for such statements; and also that, at the time the policy was delivered and thereafter, the agent renewed the statement. It was held that the evidence tended directly to contradict the terms of the policy and the application, and that the court erred in admitting it. We think this case in principle clearly supports the view that the terms of the application and policy in the case at bar must control. In the *Ferguson* case it was sought to show that the agent represented that the policy included property not described in the application or the policy. In the case at bar the respondent contends that it can recover on the policy as modified by the parol testimony.

In *Employers' Liability Assur. Corp. v. Back*, 102 Fed. 229, circuit court of appeals, ninth circuit, an instructive case upon this point, the written application of the assured stated that:

"My occupation is that of an importer and dealer in Chinese merchandise and contractor for Chinese labor. The class of risk under my occupation is agreed to be ordinary. I understand that risks are differently classified, according to occupation; and I agree that for any injury received in any occupation or exposure classed by this company as more hazardous than those above stated I shall be entitled to recover only such amount as the premium paid by me would purchase at the rates fixed for such increased hazard."

The policy, issued and accepted pursuant to the application, provided that the company insured the assured, "engaged in the business or occupation of a merchant under

classification ordinary," in the sum of $5,000. The policy, among other conditions, stipulated that:

"If the insured is injured in any occupation or exposure classed by this corporation as more hazardous than that herein given, his insurance and weekly indemnity shall be only for such amounts as the premium paid by him will purchase at the rate fixed in such increased hazard."

The insured sustained an injury from which he died. The answer alleged that, after the issuance of the policy and without the knowledge or consent of the company, the insured engaged in employment as a foreman of Chinese laborers and as a laborer, and that while engaged in such employment he met with the accident which caused his death; that such occupation was much more hazardous than that described in the policy, and that, according to the rules, customs, laws, and rates established by the company and by others engaged in the business of accident insurance, in force long prior to the issuance of the policy, the business of a laborer or a foreman of Chinese labor was and is classified as a special risk; that the premium paid by the insured, if he had insured with the defendant and had been described in the application and policy as a foreman of Chinese laborers, would have purchased insurance in the sum of $3,000, and no more, payable in the event of the death of the insured under the circumstances mentioned in the policy; and that, had the company known that he intended to engage in the occupation of a laborer or foreman of Chinese labor, it would have classified him in the policy as special, and would have refused to insure him in excess of $3,000. The answer contained an offer to pay $3,000, or to consent to judgment in that sum. By an amendment to the answer, it was alleged that the solicitor was the agent of the insured, and that the solicitor knew that the assured was engaged when he signed the application, and intended to continue, as an actual working foreman of Chinese laborers, and did not disclose that fact to the company. The trial court found that the solicitor was the agent of the

company, that the insured fully and truthfully stated to him the nature of his employment, and concluded, as a matter of law, that the beneficiary was entitled to recover $5,000. In reversing the case the court said that it was not material that the solicitor knew the actual occupation of the assured, and that it was not material whether he was the agent of the assured or the company, and that, under the application and the policy, the assured could only recover such sum as the premium paid by him would purchase at the rates fixed for such increased hazard.

The respondent insists that the judgment in this case must be affirmed upon the authority of *Foster v. Pioneer Mut. Ins. Ass'n*, 37 Wash. 288, 79 Pac. 798. In that case a policy of insurance against loss by fire had been issued, based upon a written application signed by the assured, stating, in answer to questions, that the chimneys and flues of the house were constructed of brick, that the applicant was the sole owner of the land upon which the building stood, and that none of the personal property was incumbered. The fact was that the flues were not made of brick, the land was held by the assured under a contract of purchase, and the personal property was purchased by him under a conditional sale contract. It was held that it was competent for the insured to show, that he stated the exact truth to the agent of the company before signing the application; that the agent wrote false answers, and that the assured did not and could not read either the answer or the application, but that he signed the application relying upon the assurance of the agent that he had truthfully recorded his answers. This case and *Mesterman v. Home Mut. Ins. Co.*, 5 Wash. 524, 32 Pac. 458, 34 Am. St. 877; *Hart v. Niagara Fire Ins. Co.*, 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86, and *Staats v. Pioneer Ins. Ass'n*, 55 Wash. 51, 104 Pac. 185, in this jurisdiction, and *Despain v. Pacific Mut. Life Ins. Co.*, 81 Kan. 722, 106 Pac. 1027; *Michigan Mut. Life Ins. Co. v. Leon*, 138 Ind. 636, 37 N. E. 584, and *Otte v. Hartford Life Ins. Co.*, 88 Minn. 423, 93 N.

W. 608, 97 Am. St 532, in other jurisdictions, announce the rule that the agent who solicits the insurance is the agent of the insurance company, and that a policy will not be held void, nor will a warranty clause in a policy be held to have been breached, for a cause known to the agent before the application for the policy was signed, where the assured fully and truthfully related the facts to the solicitor and false answers were written in the application by the solicitor. But we do not regard these cases as announcing any principle which would permit the respondent to recover $1,000, the indemnity for the death of a contractor under this policy, or as announcing a principle which would defeat and destroy the automatic provisions of policies of this character.

*Travelers' Ins. Co. v. Snowden,* 60 Neb. 263, 83 N. W. 66, and *Carpenter v. American Accident Co.,* 46 S. C. 541, 24 S. E. 500, cited by the respondent, support her contention. This distinction, however, may be remarked: In the *Snowden* case, a general agent classified the assured with full knowledge of his occupation, and the application was not attached to and made a part of the policy in either case. The court ruled in both cases that the knowledge of the agent was the knowledge of the company, and that it was estopped to raise the question of an erroneous classification. To follow the rule announced in the last two cases would be to say that an insurance company is powerless to make a contract of insurance which is equitable and just to the insured, and which will at the same time protect the company against the dishonesty of its agents.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.

RUDKIN, C. J., CHADWICK, and MORRIS, JJ., concur.

FULLERTON, J. (dissenting)—In *Hart v. Niagara Fire Ins. Co.,* 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86, and in other cases following that case, this court has announced the rule that, an insurance company that issues a policy of in-

surance on an application procured by one of its solicitors, cannot be heard to plead the fraud or dishonesty of the solicitor for the purpose of avoiding liability on the policy, and this, although the application for the policy, or the policy itself, may contain a recital to the effect that the solicitor shall be deemed the agent of the assured, and not the agent of the insurance company. The opinion of the majority, in my judgment, violates this principle, and I therefore dissent from the conclusion reached therein.