[No. 10426.   Department One.   June 24, 1912.]

GRANVILLE TURNER, *Appellant*, v. AMERICAN CASUALTY
COMPANY, *Respondent*.[1]

INSURANCE—ACTIONS ON POLICY—PLEADING—REPLY—DEPARTURE.
In an action upon a policy of accident insurance, in which the de-
fendant pleaded warranties in the application and breaches thereof,
in that plaintiff had an atrophied leg, warranted as sound except
for a slight weakness in the ankle, it is not a departure for the
plaintiff to reply that he had an atrophied leg, which he disclosed
to the agent and to deny that it was a bodily infirmity except to
the extent mentioned in the application, i. e., a slight weakness in
the ankle.

INSURANCE—ACTIONS ON POLICY—PLEADING AND ISSUES—BREACH
OF WARRANTY—BURDEN OF PROOF.   In an action upon a policy of
accident insurance, in which the defendant alleged a breach of war-
ranty, in that plaintiff had an atrophied "skeleton" leg much
smaller and weaker than the other, which plaintiff had warranted
as sound except for a slight weakness in the ankle, a reply ad-
mitting an atrophy of the leg and a diminution in its size, but deny-
ing that it caused any infirmity other than a weak ankle, as stated
in the application, raises an issue of fact for the jury, and it is
error to rule, as a matter of law, that the reply admits a breach of
warranty; the burden of proving the breach of warranty being
upon the defendant.

INSURANCE—WARRANTY—BREACH—WAIVER—KNOWLEDGE OF AGENT.
Where the insured fully and truthfully disclosed his condition to
the insurance agent who procured the policy, a warranty clause in
the policy will not be held breached for a cause known to the agent
before the application was signed, since the knowledge of the agent

[1]Reported in 124 Pac. 486.

is the knowledge of the principal, and the company will be held to have waived the written warranties in so far as they are not in harmony with the facts disclosed.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered December 23, 1911, in favor of the defendant by direction of the court, in an action upon an accident insurance policy. Reversed.

*J. A. Sorley*, for appellant.

*Fred S. Fogg* and *Hayden & Langhorne*, for respondent.

Gose, J.—This is a suit upon an accident insurance policy. The policy was issued to the plaintiff in March, 1908. The application for the policy contains the following applicable provisions:

"I hereby apply for a policy of insurance against disability. Said policy to be based upon the following statement of facts: I have never had . . . any bodily . . . infirmity or disorder, or any latent or apparent defect or deformity, except as herein stated. Slight weakness in left ankle. . . . I have never suffered the loss of . . . a hand or foot or the use of either except as herein stated. . . . I am in sound condition . . . physically, except as herein stated. . . . It is understood and agreed that I have made each of the above answers as a material representation to induce the issue of a policy for which I have made application, and to that end I warrant each of them to be full, complete and true, and declare that no statement contradictory thereto was made by me to the agent of said company. . . . I understand that the agent presenting this application has no power to make or renew any contract or insurance, or to waive or vary any part of this stipulation."

The defendant in its answer admitted the issuance of the policy, and alleged in paragraph 2 of its affirmative answer that, at the time the policy was issued, the plaintiff,

"had an atrophy of the left leg, caused by the dislocation of his left hip, and that at said time his said left leg was very much smaller than his right leg. In fact and in truth, his said left leg was practically what is known as a 'skeleton'

leg from the knee down to the foot; and that said plaintiff wilfully and knowingly and for the purpose of working a fraud on this defendant, concealed the fact from defendant that, at the time he signed said schedule of warranties, and at the time said policy of insurance was issued, he was suffering from an atrophy of the left leg, caused by the dislocation of the hip; and that in fact and in truth, at the time of the signing of said schedule of warranties, and at the time of the issuance of said policy of insurance, said plaintiff was not in sound condition mentally and physically, as is stated by him in warranty 19 as contained in the schedule of warranties heretofore set out in this answer."

In paragraph 4 it alleged that, at the time the application was signed and the policy issued, the plaintiff was a contractor, working on and around buildings where the full use of all the members of his body unimpaired by disease or injury was essential; that he was then suffering from an atrophy of the left leg, and that the left leg was not as strong as the right leg, and that it was not as strong as it would have been had it been normal and free from deformity and infirmity.

In his reply the plaintiff denied all of paragraph 2, except that he alleged that, at the time of making the application, he fully informed the defendant's agent who procured the insurance, "that he had an atrophy of the left leg, and that he then and there showed the said agent both his legs, and pointed out the difference in size, and told the said agent that it was caused by having his left hip dislocated." He denied paragraph 4, except that he admitted that he was a contractor by occupation, and that "his left leg was a little smaller than his right leg, caused by a dislocation of his hip." At the trial the plaintiff submitted evidence tending to show that he had regularly paid premiums on his policy, and that on December 4, 1909, while the policy was in force, he slipped and fell upon an icy street car step, and sustained injuries which caused a total disability. At the close of his evidence, on the motion of the defendant, a directed verdict

was returned in its favor, and a judgment was thereafter entered for the defendant. The plaintiff prosecutes the appeal.

Pending the motion for a directed verdict, plaintiff moved for leave to reopen the case, and offered to prove that, at the time he applied for the policy and signed the application, he was in the office of the defendant in the city of Tacoma; that he told the agent that his left leg below the knee was smaller than the right leg; that the agent read the questions and wrote the answers; that he relied upon his writing correct answers; that the defendant and its officers thereafter, with knowledge of his actual condition, accepted the premiums, and did not offer to return them until after the commencement of the action. He further offered to prove by the plaintiff that his left leg, with the exception of a slight weakness in the ankle, was strong and free from infirmity. The court denied the application, and assigned as a reason that "the warranty was made and was false."

The respondent rests its right to an affirmance of the judgment upon three grounds: (1) It asserts that the averment in the reply that the appellant disclosed all the facts relating to his injury to the agent of the defendant who procured the insurance, is a departure from the cause of action stated in the complaint; (2) that the reply admits that the appellant had a bodily infirmity which is not disclosed in the written answers to his application; and (3) that the plaintiff cannot impeach the written warranties by parol evidence. These contentions will be considered in the above order.

In support of the first proposition, the respondent relies upon *Smart v. Burquoin*, 51 Wash. 274, 98 Pac. 666, and *Clemmons v. McGeer*, 63 Wash. 446, 115 Pac. 1081. In the *Smart* case the plaintiffs brought suit to recover the reasonable value of work and labor performed by them at the request of the defendant in plowing certain land owned by the latter. The defendant pleaded affirmatively that the

work was done under the terms of a lease which the plaintiffs had violated, and that they had abandoned the land. The plaintiffs in reply admitted that the work was performed under the lease, denied that they had broken its terms, and alleged affirmatively that the defendant had violated the terms of the lease by entering upon the land and ousting the plaintiffs from the possession thereof. We held that the plaintiffs, by the matter pleaded in the reply, sought to recover damages for the value of their leasehold estate, rather than the value of the services which were made the basis of recovery in the complaint, and that there was a departure. In the *Clemmons* case, a suit to quiet title to land, the complaint alleged title in the plaintiffs, and the answer alleged title in the defendant acquired through the plaintiffs. We held that the reply admitted facts which disclosed that the plaintiffs had no cause of action.

These cases are distinguishable from the case at bar. In this case the appellant relies upon the cause of action pleaded in the complaint, namely, the issuance and breach of the policy. The answer pleads certain warranties in the application, and alleges breaches thereof. The reply admits that the appellant had an atrophied leg, but denies that it was a bodily infirmity, except to the extent mentioned in the application, namely, a slight weakness in the ankle, and alleges affirmatively that he made a full and true statement of the facts to the respondent's agent before the policy was issued. In *Sanford v. Royal Ins. Co.*, 11 Wash. 653, 40 Pac. 609, the court held that, to the plea of release in a suit upon a policy of insurance, the plaintiff may reply that the release was obtained by fraud. This case falls within the rule there announced. The effect of the affirmative matter in the reply here is that the respondent's agent failed to write the answers as given to him. There is no departure in the pleadings.

As to the respondent's second contention, the reply admits an atrophy of the left leg; that is, when read as an en-

tirety, a diminution in its size; but in effect denies that it caused any infirmity other than a weak ankle. The court was in error in ruling as a matter of law that the reply admits a breach of warranty. It raised an issue of fact for the jury. The respondent, as we have seen, alleged that it was a skeleton leg, much smaller and weaker than the other leg. This was denied in the reply. The burden of proving the infirmity was upon the respondent. *Hoeland v. Western Union etc. Ins. Co.*, 58 Wash. 100, 107 Pac. 866; *Standard Life & Acc. Ins. Co. v. Martin*, 133 Ind. 376, 33 N. E. 105; *Home Mut. Life Ass'n v. Gillespie*, 110 Pa. St. 84, 1 Atl. 340; *Manufacturers Acc. Indemnity Co. v. Dorgan*, 58 Fed. 945; Richards, Insurance, § 181.

In the *Martin* case the insured answered in his application that he had never been ruptured "or otherwise physically injured;" that he had never been, and was not then, subject to bodily infirmity. It was shown that, while a boy, he had received an injury to the left foot, and that he was afterwards severely injured in the right leg. As to the left foot, the jury found that it caused him no inconvenience, except a slight limping, and that he could move about and walk as well as an ordinary man. As to the right leg, the jury found that it became and remained strong and sound. In considering this state of facts, the court said:

"It is impossible that the statement that the assured had never been 'physically injured' could be taken in a strict sense. That would preclude almost all insurance, for very few persons have not been at least somewhat injured at one time or another. Indeed, appellant admits this in its brief. The reasonable interpretation of the clause is that the decedent was at the time free from serious physical injury, and that any injuries which he may have suffered in the course of his previous life had disappeared, and left no trace behind that would render him an unfit subject for accident insurance; that he was, as to such accidents and their results, free from bodily ailments."

The same principle is announced in the *Hoeland* case.

Passing to a consideration of the third contention, it suffices to say that this court has steadfastly held that a policy will not be held void, nor will a warranty clause in a policy be held to have been breached, for a cause known to the agent before the application for the policy was signed, where the insured fully and truthfully related the facts to the solicitor, and false answers were written in the application by him. *Bothell v. National Casualty Co.*, 59 Wash. 209, 109 Pac. 590; *Staats v. Pioneer Ins. Ass'n*, 55 Wash. 51, 104 Pac. 185; *Foster v. Pioneer Mut. Ins. Co.*, 37 Wash. 288, 79 Pac. 798; *Mesterman v. Home Mut. Ins. Co.*, 5 Wash. 524, 32 Pac. 458, 34 Am. St. 877; *Hart v. Niagara Fire Ins. Co.*, 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86. The following cases illustrate the view of this court on this and cognate questions: *Shultice v. Modern Woodmen etc.*, 67 Wash. 65, 120 Pac. 531; *Schuster v. Knights etc.*, 60 Wash. 42, 110 Pac. 680, 140 Am. St. 905. The underlying principle of these cases is that the knowledge of the agent is the knowledge of the principal, without regard to whether the agent communicates the facts to it; that where the insured makes full and truthful statements to the agent who procures the policy of insurance, the insurer will be held to have waived the written warranties in so far as they are not in harmony with the facts disclosed, and that this court will determine the authority of the agent from the actual relations of the parties, rather than from the fictitious relations sought to be created by the recitals in the written instruments. We are not unmindful of the fact that the Federal courts and other courts have taken a contrary view. The substantive justice, however, of the view taken by this court from the beginning cannot be doubted. It gives notice to the insurance companies that they cannot turn loose upon the people a horde of incompetent or dishonest agents to exploit the policy holder, and then avoid the consequences of their acts by seeking refuge behind adroitly worded contracts.

The judgment is reversed, with directions to proceed with the trial in conformity with this opinion.

PARKER and CROW, JJ., concur.