[No. 10412.   Department Two.   September 3, 1912.]

DeWitt C. Richardson, *Respondent*, v. Brotherhood of
Locomotive Firemen and Enginemen, *Appellant*.[1]

Appeal — Review — Harmless Error—Pleadings—Amendments.
Where the case was tried on the merits to the court with fully op-
portunity to each party to present the evidence, error cannot be as-
signed on technical objections to the pleadings, which will be con-
sidered as amended.

Beneficial Associations — Forfeiture of Membership—Rein-
statement—Estoppel—Acceptance of Dues. A foreign beneficial as-
sociation is estopped to assert that a member was not reinstated and
had forfeited his rights, where, after a default, he regularly applied
for reinstatement, was informed by the local lodge that he was rein-
stated, and subsequently paid all dues, which were forwarded to and
retained by the society, credited on the local lodge's general account,
leaving the member as standing suspended without notice to him;
since the local lodge was the representative of the society.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered October 10, 1911, upon
findings in favor of the plaintiff, after a trial on the merits
before the court without a jury, in an action upon a benefic-
iary certificate. Affirmed.

*H. L. Dickson* and *Barnes & Pearson*, for appellant.

*D. R. Glasgow* and *Cannon, Ferris & Swan*, for respond-
ent.

Fullerton, J.—The appellant is a fraternal beneficiary
society operating on the lodge system.   The respondent be-
came a member of one of the appellant's local lodges, known
as Sprague Lodge No. 133, located at Spokane, and on
October 8, 1909, took out a beneficiary certificate in the ap-
pellant lodge, entitling him to share in the lodge's beneficiary
fund to the extent of $1,500 in case he received certain enum-
erated physical injuries or bodily ailments while a member

[1]Reported in 126 Pac. 82.

thereof in good standing.　On November 2, 1910, the respondent met with a serious physical injury of a nature entitling him to share in the beneficiary fund to the amount of his certificates, and in due season presented his claim to the appellant therefor.　The claim was disallowed, whereupon the present action was brought to recover the amount claimed to be due.　After issue joined, the action was tried by the court sitting without a jury, and resulted in findings and a judgment in favor of the respondent for the full amount claimed.　This appeal is from the judgment so entered.

The appellant makes some question as to the sufficiency of the pleadings, contending specially that the reply contained both a denial of the defendant's answer and an affirmative allegation in confession and avoidance thereof not separately stated.　But even if the objection was technically well taken when interposed in the court below, it is of but little moment as the case now stands.　The case was tried in the court below on its merits, and each of the parties was given the same opportunity to introduce evidence in support of his cause of action or defense as he would have been given had the pleadings been technically perfect.　No prejudice therefore resulted to either party by reason of the defect complained of, and it is not the policy of the law nor the practice of the courts to retry causes for the mere purpose of correcting nonprejudicial errors.　Moreover, this court is required by statute to disregard any error in the proceedings or defect in the pleadings which does not affect a substantial right of the adverse party, and to determine all causes upon the merits thereof, disregarding all technicalities, and to consider all amendments which could have been made as made. Rem. & Bal. Code, §§ 307, 1752.　This statute requires us to disregard defects such as are here complained of, and such has been our practice.　*Green v. Tidball*, 26 Wash. 338, 67 Pac. 84, 55 L. R. A. 879; *Richardson v. Moore*, 30 Wash. 406, 71 Pac. 18; *Irby v. Phillips*, 40 Wash. 618, 82 Pac.

931; *Hester v. Stine*, 46 Wash. 469, 90 Pac. 594; *Peterson v. Barry*, 50 Wash. 361, 97 Pac. 239; *State ex rel. Merriam v. Superior Court*, 55 Wash. 64, 104 Pac. 148.

On the merits of the controversy it is contended that the evidence fails to support the judgment. It appears that the respondent failed to pay his assessments for the month of July, 1910, and was suspended because thereof. That subsequently he applied through the local lodge in the usual manner for reinstatement, and from thence on until the time of his injury paid regularly into his local lodge the assessments as they were levied, being told shortly after making his application that he had been reinstated. It seems, however, that he was not in fact reinstated by the appellant lodge; that while that body retained the sums remitted to it by the local lodge as dues from the respondent, it refused to credit them on such dues, but credited them to the local lodge's general account, returning the appellant as standing suspended. No information was given the respondent of this condition of the matter until after he received his injury. On the contrary, he was, prior to that time, led to believe by the local lodge that he was at all times a member of the appellant society in good standing, and was entitled to share in case of injury in its beneficiary fund to the amount of his certificate; his monthly dues to the local lodge being paid on the strength of that belief.

The respondent contended, and the trial judge held, that the appellant was estopped by reason of the foregoing facts from denying the respondent's membership, and was liable to him on his certificate in the same manner it would have been liable had he appeared regularly upon its list of insured. The learned trial judge based his decision upon the case of *Shultice v. Modern Woodmen of America*, 67 Wash. 65, 120 Pac. 581, and notwithstanding the appellant seeks to distinguish the case from the case at bar, we think it fully supports his ruling. That case was rested on the principle

that officers of local camps and lodges authorized to receive from its members assessments levied on beneficiary insurance certificates were agents of the society granting the insurance and not that of the members, notwithstanding declarations to the contrary in the rules and by-laws of the society. In the course of the opinion it was said:

"This instruction presents the principal question in the case. The appellant contends that the question of the agency of the clerk of the local camp is settled by the contract. On the other hand, the respondent contends that the question of agency is one of law to be determined from all the facts and circumstances in the case; in other words, to be determined from the actual, rather than the fictitious, relations of the parties. We think the instruction correctly states the law. The appellant, as we have seen, is a foreign corporation. It can only act through its local camps. The clerk of the local camp is the officer who collects, receipts for, and transmits the assessments. The appellant has no other fund from which to pay its death losses, and no other means of collecting assessments. A corporation can act only through its officers and agents. This court has consistently and steadfastly adhered to the view that it will not permit an insurance company, whether it be an old line company or a fraternal organization, to change the fundamental law of agency by contract, and thus exonerate itself from liability for the acts of those who are in fact and law its agents. *Mesterman v. Home Mut. Ins. Co.*, 5 Wash. 524, 32 Pac. 458, 34 Am. St. 877; *Hart v. Niagara Fire Ins. Co.*, 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86; *Foster v. Pioneer Mut. Ins. Ass'n.*, 37 Wash. 288, 79 Pac. 798; *Hall v. Union Cent. Life Ins. Co.*, 23 Wash. 610, 63 Pac. 505, 83 Am. St. 844, 51 L. R. A. 288; *Staats v. Pioneer Ins. Assn.*, 55 Wash. 51, 104 Pac. 185; *Hoeland v. Western Union Life Ins. Co.*, 58 Wash. 100, 107 Pac. 866; *Schuster v. Knights & Ladies of Security*, 60 Wash. 42, 110 Pac. 680, 140 Am. St. 905."

The principle as thus announced fully supports the judgment of the trial court, and as we are satisfied with the rule, it is needless to pursue the inquiry further. The judgment is affirmed.

Mount, Ellis, and Crow, JJ., concur.