[No. 3100. Jan. 27, 1928. Rehearing Denied Feb. 18, 1929.]

BERRY et al. v. PENNSYLVANIA FIRE INS. CO.

[274 Pac. 169.]

J. D. Atwood, of Roswell, for appellants.

Harold Hurd, of Roswell, and E. P. Bujac, of Carlsbad, for appellee.

## OPINION OF THE COURT

WATSON, J. This is an action, tried to the court, upon an insurance policy for the destruction of an automobile by fire. Findings were made which apparently would have required entry of judgment for $1,000 in favor of the plaintiff, but for the fact that the trial court sustained the affirmative defense that the policy was rendered void by certain false representations as to the character of the risk. From the judgment for defendant, plaintiff has appealed.

No representations were made by appellant. They were made by one Kelly, to whom plaintiff applied for the insurance, and who personally inspected the car and the contract under which it was sold. The court held that Kelly was a broker, and that the representations which he made in procuring the issuance of the policy by Keifer & Mammel, defendant's agent at Roswell, were plaintiff's representations. Plaintiff contended below and insists here that Kelly was an employed solicitor for Keifer & Mammel, and that his mistakes were the mistakes of the defendant. This presents the question for decision.

It is not questioned that, if Kelly was a mere broker, the judgment is right. On the other hand, appellee does not strongly contend here but that, if Kelly was an employed solicitor, the judgment is erroneous. At least, appellee has not been able to produce authority to the contrary. Its principal reliance is upon the finding that Kelly was a broker, and upon the rule that a finding supported by substantial evidence will not be disturbed.

It seems that Kelly was engaged more or less in brokerage, having dealings in numerous commodities from which commissions were to be realized. He had his desk and place of business in the office of Keifer & Mammel. He

did considerable soliciting for fire insurance. So far as appears, he took all such business to Keifer & Mammel, and Mr. Keifer testified that it would have been a breach of good faith if he had done otherwise. He received no salary, being compensated for his services by commissions paid. He was frequently and habitually employed by the firm to solicit, to take applications, to obtain data for' applications, to deliver policies and to collect premiums. The policy in question was issued by the regular agents, and the premiums paid to them.

Under this state of facts, it would seem to us that Kelly was not an independent broker. We think he was an employed solicitor. It was so held, where the facts were substantially the same, in Arff v. Star Fire Ins. Co., 125 N. Y. 57, 25 N. E. 1073, 10 L..R. A. 609, 21 Am. St. Rep. 721. See, also, Mesterman v. Home Mutual Ins. Co., 5 Wash. 524, 32 P. 458, 31 Am. St. Rep. 877. The facts above set forth are not in dispute, and, in our judgment, afford no substantial support for the general finding that Kelly was a broker.

We do not think, however, that the learned trial judge misconceived the facts. It plainly appears that he entertained the view that it was not permitted to Keifer & Mammel to delegate to Kelly authority to bind their principal, the appellee. Holding that Kelly's mistakes and representations could not bind the appellee, he was driven to hold appellant chargeable with them. Thus he fell into error.

The maximum "delegatus non potest delegare" is applicable, generally, to insurance agents. But Joyce says:

"There are, however, important exceptions to the rule; notice-ably, in cases where usage or custom or the particular nature of the employment warrant authority to delegate. So in cases where the power delegated does not involve the exercise of discretion, or in case the employment of subagents is necessitated to carry out the instructions of the principal, or where the act of substitution is ratified by the principal." Joyce on Insurance, § 396.

The case at bar is within this exception. Arff v. Star Fire Ins. Co., supra; Steele v. German Ins. Co., 93 Mich. 81, 53 N.'W. 514, 18 L. R. A. 85; Goode v. Georgia Home Ins. Co., 92 Va. 392, 23 S. E. 744, 30 L. R. A. 842, 53

Am. St. Rep. 817; Cooley's Briefs on the Law of Insurance (1905) pp. 349, 419.

The error pointed out requires reversal of the judgment. Appellant contends that, upon the findings, he is entitled to a direction that the district court enter judgment for him in the sum of $1,000. Appellee does not question that such result should follow a reversal, nor point out any reason for a new trial. If any such reason exists, it may be presented by motion for rehearing.

The judgment is reversed, and the cause will be remanded to the district court, with direction to enter judgment for appellant in the sum of $1,000.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.