[No. 16598.  Department Two.  January 23, 1922.]

CHARLES T. WRIGHT, *Appellant,* v. TUNIS HEYTING, *Respondent.*[1]

DEEDS (13, 16)—EXECUTION IN BLANK—AUTHORITY TO CHOOSE GRANTEE—DELIVERY—SUFFICIENCY. Where a deed was duly executed with the name of the grantee in blank and delivered to another with authority to elect who should be the grantee, the fact that the grantee selected by the agent was directed to write his own name in the deed as grantee, was merely the doing of a physical act and not a delegation of authority to choose the grantee.

CANCELLATION OF INSTRUMENTS (6)—FRAUD. The wrongful act of an agent, delegated with authority to fill in the name of a grantee left blank, in expending the money procured by him from the grantee, is not ground for setting aside the deed by the grantor.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered January 6, 1921, in favor of the defendant, in an action to set aside a deed, tried to the court. Affirmed.

*James P. Stapleton, Thomas Mannix,* and *Guy L. Wallace,* for appellant.

*Wilson T. Hume* and *L. E. Crouch,* for respondent.

[1]Reported in 203 Pac. 935.

PARKER, C. J.—The plaintiff, Wright, seeks a decree setting aside a deed purporting to convey land owned by him and situated in Clarke county to the defendant Heyting. A trial upon the merits in the superior court for that county resulted in a denial of the relief sought and the rendering of a judgment accordingly; from which Wright has appealed to this court.

It is first contended in Wright's behalf that the deed is void and ineffectual to convey the land to Heyting, because of its being signed, acknowledged and delivered by him to one Crouch with the space for the name of the grantee left blank; and Crouch, while authorized to elect who should be the grantee and insert such grantee's name in the deed, exceeded his authority in that behalf, in that he authorized Heyting to write his own name in the deed as grantee, and thereby unlawfully delegated his (Crouch's) authority to insert the name of the grantee in the deed. The record before us renders it plain that Crouch did not delegate to Heyting the right or power to choose or decide who the grantee should be, but only directed Heyting to do the physical act of writing his own name in the deed as grantee, in the consummation of a sale of the land by Crouch, representing both himself and Wright. Had Crouch, with his own hand, written Heyting's name in the deed as grantee, it seems plain that the deed so completed would have effectually conveyed the land to Heyting, apart from the question of fraud presently to be noticed. Our decision in *Clemmons v. McGeer*, 63 Wash. 446, 115 Pac. 1081, wherein the question is reviewed at some length, clearly calls for such a conclusion. Had Crouch sought to delegate to Heyting the authority to choose who the grantee in the deed should be, there would be ground for arguing

that to be an unwarranted delegation of authority by Crouch to Heyting; but we think that, since Heyting did no more than the physical act of writing his name in the deed by the express direction of Crouch, the legal effect was the same as if Crouch himself had, with his own hand, written Heyting's name in the deed as the grantee. Observations made in *Swartz v. Ballou,* 47 Iowa 188, 29 Am. Rep. 470, and *Guthrie v. Field,* 85 Kan. 58, 116 Pac. 217, 37 L. R. A. (N. S.) 326, are in harmony with this conclusion. We conclude that the deed did not become ineffectual to convey the land to Heyting because of want of lawful execution and delivery.

It is further contended in behalf of Wright that Crouch sold the land to Heyting for a price and upon terms materially different from those which he was authorized by Wright to sell the land; and that Heyting, knowing of such violation of duty on the part of Crouch, in legal effect aided Crouch in committing a fraud upon Wright, and so unlawfully deprived him of legal title to the land. This contention presents nothing but a question of fact which the trial judge was compelled to decide upon sharply conflicting oral testimony. We deem it sufficient to say that we have painstakingly read the evidence as furnished us in the statement of facts and are quite convinced that it does not preponderate against the trial court's conclusion. Indeed, it seems to us that Wright had practically as much to do with the agreeing upon the terms and consideration of the sale to Heyting as did Crouch. Much of the testimony related to the manner in which the money paid by Heyting to Crouch for the deed was thereafter expended by Crouch, it being agreed between Wright and Crouch that Crouch should receive the money and expend it for certain purposes to their

mutual benefit.   Whatever may have been wrongfully done by Crouch in the expending of the money after the execution of the deed, as against Wright, it seems plain to us that Heyting was in no way responsible therefor.

The judgment is affirmed.

HOLCOMB, MAIN, MACKINTOSH, and HOVEY, JJ., concur.